[Civil No. 3672. Filed March 2, 1936.]

[54 Pac. (2d) 997.]

E. J. McMANUS, Petitioner, v. OSCAR A. LINDBERG, Defendant Employer; THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Kirke LaShelle, Jr., and Mr. Burt H. Clingan, for Petitioner, and Miss Sarah G. Rosenthal, of Counsel.

Mr. Don C. Babbitt, Mr. Howard A. Twitty and Mr. Emil Wachtel, for Respondent The Industrial Commission of Arizona.

LOCKWOOD, C. J.—This matter comes up on *certiorari* from the Industrial Commission, hereinafter called the commission, questioning an award made by it on the 26th of June, 1935. The situation presented by the record in this case is a peculiar one. E. J. McManus, hereinafter called petitioner, received an injury during the course of and arising out of his employment on August 15, 1932. The accident which produced the injury was the breaking of a board upon which petitioner and several fellow workmen were standing while attempting to hoist a 700-pound steel shaft into position, which caused the shaft to fall so that petitioner was injured thereby. As a result of such accident, coupled with another slight compensable accident a few days later' which perhaps aggravated the situation, he developed a double inguinal hernia. There is no contention nor evidence that this hernia was a traumatic one, such as is described in clause (a) of section 1439, Revised Code of 1928, but it undoubtedly fell under clause (b) of such section. The accident was reported to the commission, and petitioner, by its orders, was sent to a hospital in Ogden, Utah, where he was given a herniatomy operation. He remained in the hospital until there was a complete recovery from the hernia, and then went to his home in Northern California. Some weeks later intestinal trouble developed which continued to increase in intensity, and under the orders of the commission he was again operated upon in

December, 1932. By April, 1933, the operating physicians reported him as fit for work, and on April 8th the following award was made:

"Findings

"1. That the above-named applicant, while employed in the State of Arizona by the above-named defendant employer, sustained an injury by accident arising out of and in the course of his said employment on August 15, 1932, which injury caused temporary disability entitling said applicant to compensation therefor in the total sum of $593.87 of which $544.60 has been paid.

"2. That at said time said employer was insured against liability for compensation under said law by the above named defendant insurance carrier.

"Award

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. The sum of $49.27 payable forthwith"

—a copy of which was sent to petitioner. This award was never brought before us for review, nor was a rehearing asked for thereon, and it became final in due course of time. About two and one-half months thereafter petitioner complained to the commission that he was again suffering from intestinal disturbances, and asked its instructions in the matter. The commission replied, stating that since there was a possibility that he was entitled to additional compensation, the matter would again be taken up and considered. Petitioner was again operated upon, was examined by a number of physicians, and a formal hearing was had on February 28, 1934, and at the request of petitioner the case was continued and not resumed until June 3, 1935, when further evidence was taken. As a result of these hearings, an award was made based on the evidence developed thereby. This award was as follows:

"Findings

"1. That the above named applicant, while employed in the State of Arizona by the above-named defendant employer, who was insured against liability for compensation under the Workmen's Compensation Law of the State of Arizona by the above-named defendant insurance carrier, sustained an injury by accident arising out of and in the course of his said employment on August 15, 1932, which injury caused temporary disability, entitling said applicant to compensation therefor from August 16, 1932, through June 2, 1935, in the total sum of $2,658.16, of which $593.87 has been paid.

"2. That the evidence is insufficient to establish that any disability existing subsequent to said above named period of temporary disability is proximately the result of any injury by accident arising out of and in the course of said applicant's employment.

"Award

"Award is hereby made payable to said applicant by the above-named defendant insurance carrier as follows:

"1. The sum of $2,053.92 payable forthwith. It is ordered that the applicant take nothing further from the defendants, or either of them, by reason of said claim."

It was upon this last award that the writ of *certiorari* was issued.

■ There are two questions raised by the record and the briefs necessary for us to consider in order to determine the *certiorari*. The first is: Did the commission have jurisdiction to proceed with any hearing whatsoever after the award of April 8, 1933? This award was never appealed from, and we are satisfied from the entire record that it was based upon the theory believed at the time to be true by both petitioner and the commission, that petitioner had fully recovered by that time from the result of the accident of August 15th. We are also satisfied

from the record that thereafter petitioner believed that he was suffering further injury as a result of the accident, which had not developed at the time of the award of April 8th, and which he had no reason to believe would develop, and that the commission, upon his calling the matter to its attention by a letter dated June 21, 1933, treated the letter as being an application for readjustment of compensation under section 1447, Revised Code of 1928. It is true that a formal application for adjustment was not made until December 26, 1933, but in view of the various representations made by the commission to petitioner, we are of the opinion that it is estopped from questioning the sufficiency in form of the letter from him of June 21, 1933, as an application for readjustment of compensation, and that it had jurisdiction to make an award on that basis. *Doby* v. *Miami Trust Co.,* 39 Ariz. 228, 5 Pac. (2d) 187.

The next question is whether the award as made is sustained by the evidence. We have examined the entire record with great care, and are of the opinion that there are two, and only two, theories presented thereby upon which any award could be based.

The first is that the only injury suffered by petitioner as a result of the accident of August 15th was a double inguinal hernia which was not traumatic in its nature, and that his subsequent condition was in no way attributable to the accident, but rather was the result of an appendectomy performed on him about the year 1920. If this be the conclusion reached by the commission, under the express terms of section 1439, *supra,* petitioner was limited to compensation for the loss of two months' time, which could not have amounted at the most to over $250 or $275 plus, of course, such medical attendance as was necessary by reason of the hernia, and the award of April 8, 1933,

was final and conclusive, and no adjusted compensation in any amount was due to petitioner. The other theory, which was fully sustained by a different conclusion as to the weight of the evidence, is that the accident of August 15th eventually resulted in numerous abdominal adhesions which caused serious intestinal obstructions from time to time from which petitioner has suffered and will undoubtedly suffer for a long time to come. If this be the conclusion reached by the commission, since all of the medical authorities agree that petitioner is at the present time totally disabled from performing any manual labor and perhaps from labor of any kind, and since such condition will undoubtedly exist for a long period of time after the award of June 26, 1935, and perhaps for life, the commission was not justified, as a matter of law, in making that portion of the findings denying that any liability which would exist subsequent to June 2, 1935, was the result of an injury produced by the accident, and the part of the award ordering that there be no further recovery by reason of his claim.

The award of June 26th granted to petitioner compensation in the amount of $2,053.92, in addition to that given him by the award of April 8, 1933. If the hernia was the sole injury, there was no excuse whatever for the commission to grant the additional compensation. If, on the other hand, his present condition, which all the witnesses agree caused a total disability from June 21, 1933, and which disability will unquestionably extend for a long period after June 2, 1935, was a result of the accident and injury of August 15th, then he was entitled to an award for temporary total disability until such time as such disability ceased.

 As contended by petitioner, it is the duty of the commission to act judicially in awarding compensation. It may not, through sympathy, give him one penny more than the law says is his due. On the other hand, it cannot deny him the full measure of compensation granted by that law on the facts as they exist. *Doby* v. *Miami Trust Co., supra.* Such being the case, and there being no possible theory of the evidence which will sustain the award as made, it is the duty of the court to set it aside, and it is so ordered.

McALISTER and ROSS, JJ., concur.