274 P.2d 836

John Tip HOLLAND, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Arizona, and B. F. Hill, A. R. Kleindienst, and F. A. Nathan, members of The Industrial Commission of the State of Arizona; and Apache Railway Company, a Corporation, Respondents.

No. 5925.

Supreme Court of Arizona.
Oct. 11, 1954.

H. S. McCluskey, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent, Industrial Commission.

McQuatters & Stevenson, by Neil V. Christensen, Flagstaff, for respondent Apache Ry. Co.

STANFORD, Justice.

This is a proceeding by certiorari to review an order of The Industrial Commission of Arizona dismissing petitioner's claim for lack of jurisdiction.

John T. Holland, the petitioner, was employed by the Apache Railway Company as foreman over a track maintenance crew. On December 5, 1950 he fractured the bones of his left leg and ankle in jumping from a track car about to collide with a car coming in the opposite direction. Petitioner was treated by the company doctor and was paid 65% of his usual wages by the Railway until he returned to work on April 1, 1951. Some seven months after he had been back on the job, on November

16, 1951, petitioner stepped into a deep hole and reinjured his leg. He was taken to the company hospital and treated. The next day petitioner was discharged from his employment; he was billed for subsequent medical care. Since the second accident petitioner has been totally disabled.

On March 25, 1952, petitioner filed two suits, one for each accident, against the Railway in the United States District Court for Arizona. He had been advised by his then counsel, a California attorney, that his only remedy was under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. While the federal court minutes are not in the record, references in the briefs indicate that at both trials after petitioner's witnesses had been presented, defendant Railway moved for a directed verdict on the grounds that no proof had been introduced that the Railway was a common carrier engaged in interstate commerce or that petitioner was employed in interstate commerce. These motions were granted, verdicts were returned for defendant and judgments entered. Motions for new trials were refused; no appeals were taken. This federal litigation ended on December 23, 1953.

· The petitioner filed a claim with The Industrial Commission of Arizona for compensation under the state statute on February 27, 1954. The Railway answered by letter and the Commission made its findings and order from the record, without a formal hearing. The claim was rejected on the following grounds: (1) lack of jurisdiction over employment in connection with the Apache Railway, Section 56–965, A.C.A.1939; (2) running of the Statute of Limitations, Section 56–967, A.C.A.1939; and (3) waiver of the right to file a claim with the Commission, Section 56–950, A.C.A.1939. The Commission affirmed its original decision in response to a petition for rehearing.

We need not consider the first and third grounds to sustain the order of the Commission. The petitioner is clearly barred by the Statute of Limitations embodied in Section 56–967, supra, which reads in part:

"An employee entitled to compensation shall file with the commission his application therefor together with the certificate of the physician who attended him. * * * No application shall be valid or claim thereunder enforceable *unless filed within one (1) year after the day upon which the injury occurred or the right thereto accrued."* (Emphasis supplied.)

The accidents occurred on December 5, 1950 and November 16, 1951, and petitioner did not file a claim with the Commission until February 27, 1954. There is no way the petitioner can escape this provision.

In the past we have interpreted the one-year limitation strictly, recognizing two exceptions. Where the injury was not noticeable at the time of the accident,

the statute does not begin to run until the injury becomes apparent, and secondly, the statute is tolled during the disability of infancy. Hartford Accident & Indemnity Co. v. Industrial Commission, 43 Ariz. 50, 29 P.2d 142; Weaver v. Martori, 69 Ariz. 45, 208 P.2d 652. Misconception of remedy has never been recognized by this court as tolling the statute and we can see no reason to do so in the instant case.

 Petitioner argues that the time limitation goes to the remedy and not to the right itself, and that the Railway may be estopped from pleading the statute because of its conduct in the federal court. On the point that the Statute of Limitations goes to the remedy petitioner cites Pine v. State Industrial Commission, 148 Okl. 200, 298 P. 276, 78 A.L.R. 1287, with an annotation at page 1294. This court, however, has consistently held that the Statute of Limitations is jurisdictional (goes to the right) and that the claim must be filed within one year after the date of the injury if the injury is of sufficient magnitude to be compensable, or if in the exercise of reasonable care the claimant is able to make a correct diagnosis of his injury. Hartford Accident & Indemnity Co. v. Industrial Commission, supra; English v. Industrial Commission, 73 Ariz. 86, 237 P. 2d 815. This position is in accord with the majority of courts in the United States. Rogulj v. Alaska Gastineau Mining Co., 9 Cir., 288 F. 549; Industrial Commission v. W. A. Hover & Co., 82 Colo. 335, 259 P.

509; Bussey v. Bishop, 169 Ga. 251, 150 S. E. 78, 67 A.L.R. 287; Bushnell v. Industrial Board, 276 Ill. 262, 114 N.E. 496.

Having denied the contention that the time limitation goes to the remedy, we need not consider the argument that the Railway is estopped from pleading the statute because of its conduct in the federal court. When a matter is jurisdictional, estoppel may never be invoked to remove the bar and confer jurisdiction. Swan v. Baton Rouge Transp. Co., La.App., 197 So. 191.

Award affirmed.

PHELPS, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.