394 P.2d 213

**Hubert C. JONES, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and A. R. Kleindienst, C. Lawrence Huerta and H. R. Larson, as Members of said Commission, Defendant Insurance Carrier, and Magma Arizona Railroad and/or Magma Copper Company, Defendant Employers, Respondents.**

**No. 7811.**

Supreme Court of Arizona.

In Division.

July 20, 1964.

Minne & Sorenson, Phoenix, for petitioner.

Twitty, Sievwright & Mills, Phoenix, for respondents Magma Arizona R. Co. and Magma Copper Co.

LOCKWOOD, Vice Chief Justice.

On June 27, 1956, and July 7, 1956, claimant sustained injuries to his back while he was employed by Magma Arizona Railroad Company. Claimant was treated for these injuries at the Magma Hospital on July 7, 1956. The attending physician, Dr. John B. McAdams, reported the July 7th injury to the Commission. Claimant testified that he completed a form sent to him by the Commission and mailed it to the Commission shortly after the July 7th injury. However, the Commission had no record of receiving this form from claimant.

Claimant's employment with the Railroad was terminated on April 29, 1957, when he was transferred to the Magma Copper Company where he worked as an underground mechanic. While in the employ of Magma Copper Company on October 2, 1957, claimant sustained either an injury to his back or an aggravation of his prior back injury. He was treated for this injury by the same Dr. John B. McAdams at the Magma Hospital. Dr. McAdams advised claimant that his treatment for the October 2, 1957, injury would be continued under the report previously filed with the Commission by Dr. McAdams for the 1956 injury. Accordingly, Dr. McAdams did not report the October 2, 1957, injury to the

Commission, and claimant did not at that time file a claim for the latter injury. Claimant became a self-employed service station operator on February 5, 1959.

The procedural complexities of the case originated on December 7, 1960, when claimant filed with the Commission an application for readjustment or reopening of a claim for injuries sustained on June 27 and July 7, 1956, while claimant was employed by the Railroad. Since there was no previous claim on file with the Commission it docketed the case and assigned it as Case No. NB 4510. The Commission issued its findings and award in Case No. NB 4510, captioned Jones v. Magma Arizona Railroad, on January 24, 1961. Finding that "applicant did not file a claim within one year for alleged injury," the Commission ordered that the proceedings be dismissed for lack of jurisdiction. Thereafter, on October 14, 1961, claimant filed with the Commission his affidavit, Workmen's Report of Injury and Application for Benefits, and an Initial Report of Attending Physician. At this juncture petitioner claimed against both the Railroad and the Copper Company. On May 9, 1962, the Commission issued its second award and findings in Case No. NB 4510, Jones v. Magma Arizona Railroad, finding (1) that "applicant failed to file a claim within one year of the date of injury" and (2) "that the Findings and Award for Non-Compensable Claim heretofore en-tered on the 24th day of January, 1961 should be affirmed."

Within twenty days of the Commission's decision on May 9, 1962, claimant petitioned the Commission for a formal hearing of his claim against Magma Arizona Railroad and/or Magma Copper Company. Petitioner asserted the following reasons in support of his position for a hearing: (1) that a question of fact existed, (2) that the uncontroverted evidence before the Commission does not support the findings and award of the Commission, and (3) that the claim filed on or about October 17, 1961, was an original claim against the Copper Company, but that the number and caption assigned to it by the Commission was the same as that assigned to claimant's petition for readjustment or reopening of his claim against the Railroad. The Commission granted claimant's petition for a hearing and held a hearing on August 22, 1962. However, the Commission did not serve the Copper Company in its notice of hearing, and the caption of the notice did not include the Copper Company. Following the hearing of August 22, 1962, the Copper Company submitted to the jurisdiction of the Commission to avoid multiplicity of litigation.

Thereafter on November 14, 1962, the Commission issued its third award in Case No. NB 4510 in which it found (1) "That the evidence supports the findings heretofore entered and should be made a part thereof," and (2) "That the Findings and

Award for Non-Compensable Claim heretofore entered on May 9, 1962, should be affirmed." Claimant seeks review of this third Commission decision and joins both the Railroad and the Copper Company in its petition for certiorari.

▮▮ With respect to petitioner's claim against the Railroad the issue before us on review is "whether or not [the Commission's] * * * findings of fact support the award." A.R.S. § 23–951 B. The Commission in its findings and award of November 14, 1962, affirmed its findings of May 9, 1962, which in turn affirmed the findings and award of January 24, 1961. On January 24, 1961, the Commission denied relief for the reason that claimant did not file a claim within one year of the date of his 1956 injuries. The statutory basis for the one year period is contained in A.R.S. § 23–1061 D which provides as follows:

"No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

The question in narrower focus is whether the Commission acted properly in finding that claimant did not file a claim with the Commission within one year of his 1956 injuries. In deciding this question of fact adversely to claimant the Commission must

have disbelieved claimant's testimony that he completed a form and mailed it to the Commission shortly after his July 7, 1956 injury. If the Commission had believed claimant's testimony, there would be no basis for its finding that he did not file his claim within the one year period. We have held that the Commission may disregard the testimony of an interested party and consider anything extrinsic in the circumstances of the case which casts suspicion thereon. Korff v. Charles Luke Const. Corp., 69 Ariz. 312, 315, 213 P.2d 471, 472 (1950); Davis v. Industrial Commission, 46 Ariz. 169, 174, 49 P.2d 394, 396 (1935). Claimant cites Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997 (1952), in support of his contention that the trier of the facts may not arbitrarily reject the uncontradicted testimony of an interested party when nothing intrinsic in the evidence itself or extrinsic in the circumstances casts suspicion thereon. However in that case the claimant's testimony was both uncontradicted and corroborated by the testimony of a disinterested witness, and in the present case no corroboration exists.

Claimant also contends that on the basis of A.R.S. § 23–908 E the Commission should have excused claimant from failing to file his claim within a year from the date of his 1956 injuries.[1]

---

1. The pertinent portions of A.R.S. § 23–908 read:

"D. When an accident occurs to an employee, the employee shall forthwith

■ Even assuming without deciding that this provision is applicable, we are of the opinion the language used gives the Commission discretion to determine whether it felt the circumstances warranted relieving the applicant herein from his failure to file within the year, although he testified he believed the report had been filed.

■ Turning to a consideration of petitioner's claim against the Copper Company, it is necessary to inquire whether there is an award by the Commission adjudicating the rights between claimant and the Copper Company. Our function on reviewing a case such as this is narrowly circumscribed by A.R.S. § 23–951 B which provides as follows:

"* * * The review shall be limited to determining whether or not the commission *acted* without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the *award.* * * *" (Emphasis supplied.)

Subsection D of A.R.S. § 23–951 provides: "The supreme court shall enter judgment either affirming or setting aside the *award.*"

(Emphasis supplied.) If the Commission has neither acted with respect to the rights of these two parties nor issued an award in favor of one against the other, there is no Commission action for us to review, affirm, or set aside. Since the Copper Company submitted to Commission jurisdiction only after the hearing preceding the third award, only that award may have affected the Copper Company. However, that award bore the Case No. NB 4510 and the caption, Hubert C. Jones v. Magma Arizona Railroad. Both the case number and caption are identical with those assigned to claimant's petition to reopen his claim against the Railroad Company for his 1956 injuries. Furthermore, the Commission's findings in its last award reaffirm its previous findings on the occasions when only the Railroad Company was a defendant. Since these prior findings apply only to claimant's rights with respect to the Railroad Company, their affirmance cannot, without more, adjudicate claimant's rights vis a vis the Copper Company.

We affirm the Commission's findings and award on petitioner's claim against the

report the accident and the injury resulting therefrom to the employer, and any physician employed by the injured employee shall forthwith report the accident and the injury resulting therefrom to the employer and to the commission."

"E. * * * If the accident is not reported by the employee or his physician forthwith, as required, * * * no com-

pensation shall be paid for the injury claimed to have resulted from the accident. The commission may relieve the injured person or his dependents from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them."

Railroad Company, but since there is no Commission award with respect to his claim against the Copper Company, there is nothing for us to review. Final resolution of the latter claim must await action on the part of the Commission.

STRUCKMEYER and BERNSTEIN, JJ., concurring.