402 P.2d 20

Elmer PARSONS, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona and Kruft Jersey Dairy, Respondents.

No. 7633.

Supreme Court of Arizona.

En Banc.

May 12, 1965.

Gorey & Ely, Phoenix, for petitioner.

Lorin G. Shelley, Phoenix, for respondent Industrial Commission; Richard J. Daniels, Robert D. Steckner, Robert A. Slonaker, and Edgar M. Delaney, Phoenix, of counsel.

BERNSTEIN, Justice.

This matter comes before the Court pursuant to a Writ of Certiorari to review certain decisions of the Industrial Commission on the claim of the petitioner Parsons. Petitioner sustained injury on March 16, 1960, while employed as a route salesman by the respondent employer. He was injured while attempting to lift a cart carrying milk cans over a concrete curb when he felt pain in the low back area. At the time of injury, petitioner was 29 years of age. Claim for benefits under the Arizona Workmen's Compensation Act was made by petitioner and the claim was deemed compensable by the Commission.

The Commission ruled on May 23, 1961, that Parsons was entitled to accident and medical benefits to April 24, 1961, but not thereafter. This decision was based on a Consultation Report of April 6, 1961. Petitioner concedes that the Commission had before it evidence that he could then return to work. After a hearing held on December 29, 1961, this decision was affirmed. The evidence at the December 29, 1961 hearing concerned his physical condition subsequent to the Consultation Report of April 6, 1961. On April 24, 1962, the Commission finally affirmed the May 23, 1961 award.

Petitioner claims that the Commission erred in its decision of May 23, 1962 affirming the prior award "in view of the facts that the Commission had no such evidence whatsoever before it in relation to the period April 7, 1961 to February 28, 1962, and that on the contrary the Industrial Commission had before it only the evidence that at least from June 22, 1961 to November 10, 1961, petitioner was in need

of medical care and therefore entitled to accident or medical benefits and whatever compensation was indicated."

It is the Industrial Commission's position that the only matter properly in issue, before it on the rehearing or before this Court now, is the petitioner's physical condition on May 23, 1961, and that the only intended effect of its decision on rehearing was to affirm the original award in the light of the conditions at the time it was made.

The Commission further contends that the issue of Parsons' condition after May 23, 1961, should be raised under A.R.S. § 23-1061, subsec. C and Rule 64 of the Industrial Commission by an "Application for Reopening or Readjustment of Claim."

This case raises the question of what procedure should be followed where it appears that a claimant is able to return to full employment as of a certain date, but that in fact he is not able to and there is uncontradicted evidence of his inability to work introduced at the rehearing covering the period between the original award and the rehearing. As petitioner points out, the Commission's contention that the proper procedure is to make an application to reopen under A.R.S. § 23-1061, subsec. C is raised for the first time in its brief in this Court. Petitioner fears that the Commission would rely upon A.R.S. § 23-1061, subsec. C reading in pertinent part " * . * No increase or rearrangement shall be op-

erative for any period prior to application therefor ` * * *`" to deny his claim.

We have held that the Commission has discretion to relieve an applicant of the consequences of his failure to make a timely filing of his claim for compensation where circumstances warrant relieving claimant from his failure to file claim within the time. Jones v. Industrial Commission, 96 Ariz. 283, 394 P.2d 213. We have repeatedly held that the Workmen's Compensation Act should be liberally construed for the protection of those coming within its provisions, Arizona Constitution Art. 18, sec. 8, A.R.S.

The Commission has power to make and interpret rules concerning its own procedures. A.R.S. § 23-922; Mountain States T. & T. Co. v. Industrial Commission, 96 Ariz. 72, 392 P.2d 28. If the Commission prefers to consider the effect of conditions developing after an award is made by application to re-open rather than by petition for rehearing, it has, under proper rules, the power to do so. Having taken that position in this case, the Commission would be estopped to change its position in further proceedings. McManus v. Lindberg, 47 Ariz. 214, 54 P.2d 997.

Petitioner also claims that the Industrial Commission erred in its action in basing its Finding No. 2 of April 24, 1962,

solely on an unsworn statement of a group of doctors whom petitioner had no opportunity to cross-examine. A claimant before the Industrial Commission has the right of cross-examination if the Commission is to use reports of doctors as evidence to support their findings and award. Schnatzmeyer v. Industrial Commission, 78 Ariz. 112, 114, 276 P.2d 534, 535. The Commission, however, points out that counsel had notice of the unsworn statement of the doctors but made no request for further hearings for cross-examination of the doctors who signed the Consultation Report of March 1, 1962. The Commission further points out that since the sole issue, in the view of the Commission, was the petitioner's condition on May 23, 1961, this report had "little or no probative value."

The position of the Industrial Commission in this case is:

"That if, in fact, petitioner is entitled to additional accident benefits or compensation for any period following May 23, 1961, that upon application therefor, proper consideration would be given therefor by the Commission."

In reliance upon this representation the award is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.