409 P.2d 564

**Hubert C. JONES, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and A. R. Kleindienst, C. Lawrence Huerta and Frank G. Murphy as Members of the said Commission, Defendant Insurance Carrier, and Magma Copper Company, Defendant Employer, Respondents.**

**No. I CA–IC 47.**

Court of Appeals of Arizona.
Jan. 11, 1966.

———◆———

Minne & Sorenson, by George Sorenson, Jr., Phoenix, for petitioner.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent Magma Copper Co.

STEVENS, Chief Judge.

This is the second time that Mr. Jones' request for consideration of a 2 October 1957 injury has been before the courts for review. On 20 July 1964, the Arizona Supreme Court rendered its opinion in the case of Jones v. Industrial Commission, 96 Ariz. 283, 394 P.2d 213. The claim file under consideration in the 1964 case was No. NB 4510 in relation to which the claimed employer was Magma Arizona Railroad. In the 1964 decision the Supreme Court expressly refrained from ruling relative to any issues between Jones and the present respondent Magma Copper Company.

When the mandate issued in connection with the 1964 decision, the Industrial Commission opened a new file No. SZ 743 and on 5 October 1964, entered its findings and award for noncompensable claim which recites in part:

"FINDINGS

"1. That the above-named applicant claims to have sustained a personal injury by accident arising out of and in the course of his employment on October 2, 1957.

"2. That the applicant did not file a claim against the defendant employer within one year after the condition became manifest to him as required by law.

"AWARD

"IT IS ORDERED that said applicant take nothing from the defendants, or either of them, by reason of his alleged personal injury."

A timely petition and application for rehearing was filed. A formal hearing was held on the 22nd of March 1965 at which time the petitioner and two other witnesses were sworn and testified. Thereafter and on 3 May 1965, the Industrial Commission of Arizona issued its decision upon rehearing and order affirming the previous findings and award, the same stating in part as follows:

"FINDINGS

"1. That the findings contained in the Findings and Award heretofore rendered on October 5, 1964 are sustained by the evidence and the Award so entered is supported by said findings. That the Findings and Award of October 5, 1964, should be affirmed.

"ORDER

"IT IS ORDERED that the Findings and Award entered herein on the 5th day of October, 1964, be, and the same is hereby affirmed."

A timely petition for writ of certiorari was filed in this Court and the matter is now before us for review.

A study of the 1964 decision is essential to an understanding of the matter now before us. We will not restate the matters therein set forth other than to state that Jones' employment by the railroad terminated 29 April 1957 at which time he was transferred to the Magma Copper Company where he worked until he left that

company's employ to become self employed on 5 February 1959.

At the time of the March 1965 hearing, the entire file in connection with Claim No. NB 4510 was received in evidence. Jones called the particular attention of the Industrial Commission to his own testimony of August 1962 and to that of Dr. McAdams and Mr. Davis. A portion of A.R.S. Section 23–908, subsec. E appears in the footnote of the 1964 decision and for ease of reference is repeated here.

"E. * * * If the accident is not reported by the employee or his physician forthwith, as required, * * * no compensation shall be paid for the injury claimed to have resulted from the accident. The commission may relieve the injured person or his dependents from the loss or forfeiture of compensation if it believes after investigation that the circumstances attending the failure on the part of the employee or his physician to report the accident and injury are such as to have excused them."

Jones urges that the circumstances surrounding this matter are such that the Industrial Commission abused the discretion granted to it by the above quoted subsection when it failed to excuse Jones for the failure to report the claimed accident within the time limits prescribed by law.

A portion of the testimony relied upon in the matter now before this Court was carefully reviewed by the Arizona Supreme Court in the 1964 decision and in relation thereto the Supreme Court declined to review the Industrial Commission's discretion in its failure to relieve Jones from his lack of statutory compliance. Likewise the Supreme Court had under consideration the issues as to whether Jones had in fact filed and whether the filing had been lost. The additional evidence presented is not sufficient to warrant a conclusion by this Court that there was an abuse of discretion in connection with file No. SZ 743 and the review of the file leads us to agree with the conclusions reached by the Arizona Supreme Court in the 1964 case.

The award is affirmed.

CAMERON and DONOFRIO, JJ., concurring.