433 P.2d 801

**Charlie COLLINS, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, L. M. White Contracting Company, Defendant Employer, Respondents.**

**No. 8985–PR.**

Supreme Court of Arizona,
In Banc.

Nov. 15, 1967.

Rehearing Denied Dec. 12, 1967.

Hirsch, Van Slyke & Ollason, by, Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Chief Counsel, by DeeDee Samet, Phoenix, for respondent, The Industrial Commission.

LOCKWOOD, Justice:

The Court of Appeals set aside an award of the Industrial Commission of this state

denying reopening of the claim of one Charlie Collins. The matter is before us on the Industrial Commission's petition for review.

Collins, a 57 year-old truck driver sustained personal injuries during an industrial accident when the water truck he was driving at approximately 15 miles per hour was struck from behind by a loaded gravel truck driven by a fellow employee at approximately 60 to 70 miles per hour. Collins suffered a whiplash back injury. The accident occurred in the course and scope of his employment with the L. M. White Contracting Company, on May 7, 1963. Medical attention promptly followed and a medical report together with the employer's report of injury to employee were both sent to the Industrial Commission. The Commission in turn sent Collins a claim form on May 10, 1963.

The Arizona statute requires that an employee entitled to compensation must file an application within one year after the day upon which the injury occurred or the right thereto accrued. A.R.S. § 23–1061 (1956). Collins did not file a claim. Yet without a claim being filed, the Commission issued a Finding and Award in his favor on July 2, 1963. Collins was awarded accident benefits to the award date and on a finding that he was not disabled from work in excess of seven days he was not awarded compensation.

Subsequent awards followed, still without Collins ever filing a claim or making any communication whatsoever to the Commission. On July 29, 1963, the Commission rescinded the July 2nd award and found that based on a doctor's report, petitioner was in need of additional medical treatment and awarded accident benefits to that date. On August 9, 1963, the Commission issued a second Finding and Award for accident benefits to that date but still no compensation for disablement from work. Petitioner did not protest the award nor did he file a petition to reopen, even though such forms were sent to him.

Finally, on May 21, 1965, more than two years after the date of the accident Collins filed his first document with the Commission in the form of a petition and application for readjustment and reopening of the claim, which was denied by the Commission on June 3, 1965. The Commission denied the reopening on the grounds that Collins did not have any new, additional or previously undiscovered disability attributable to the accident of May 7, 1963. Collins then filed a petition for hearing on June 15, 1965. He was examined by a consultation board on July 19, 1965, and the opinion of the consultation board was that the applicant's symptoms at that time did not directly relate to the accident in question and that there was insufficient evidence to justify reopening of the case. Thereafter a hearing was set, duly noticed and conducted on September 27, 1965, wherein one doctor testified. This was followed by a second hearing on February 9, 1966, wherein Collins and two doctors testified. As a result of the hearings, the Commission issued an award which reaffirmed the award of June 3, 1965.

▇▇▇ Collins subsequently appealed to the Court of Appeals to review the lawfulness of the final award. The Commission made a motion to dismiss the claim for lack of jurisdiction in the Commission as Collins failed to meet the statutory requirements of filing a claim within one year. Some questions of jurisdiction can be properly reviewed even though raised for the first time on appeal. Hughes v. Industrial Commission, 69 Ariz. 193, 197, 211 P.2d 463, 465 (1949). The Court of Appeals denied this motion to dismiss upon five grounds: (1) both the Commission and the employer were notified immediately of the accident and injury; (2) the necessary report of the attending physician was filed, as was the employer's first report of the injury; (3) there was no prejudice by reason of the failure of petitioner to file his application forthwith; (4) the Commission issued a valid award accepting the claim

for accident benefits; (5) the court had previously held in cases presenting similar circumstances that the Commission can properly relieve the applicant of his failure to forthwith report his injury, under the discretionary authority granted to it by A.R.S. § 23–908, subsec. E. It is the opinion of this Court that the Court of Appeals has misinterpreted the case holdings regarding the necessity of the filing of a claim, and in doing so, mistakenly holds the Industrial Commission can waive jurisdiction and/or create it by estoppel.

A.R.S. § 23–1061 (1956) states:

"(A) An employee entitled to compensation *shall* file with the commission an application therefor together with the certificate of the physician who attended him. * * *

\*      \*      \*      \*      \*      \*

"(D) *No application for compensation shall be valid or claim thereunder enforceable unless filed within one year* after the day upon which the injury occurred or the right thereto accrued." (Emphasis supplied.)

The statute clearly requires that an application must be filed within one year before a claim can be enforceable. The requirement of a claim is basic to the Workmen's Compensation Act and cannot be ignored at the discretion of one of the parties or of the Commission. This state has recognized two exceptions to the one-year limitation: (1) where the injury was not noticeable or was so trivial it did not appear compensable at the time of the accident; (2) where the disability occurs during infancy. Hughes v. Industrial Commission, supra; McCormick v. Industrial Commission, 96 Ariz. 88, 90, 392 P.2d 299, 301 (1964); Holland v. Industrial Commission, 78 Ariz. 16, 18, 274 P.2d 836, 837 (1954). Neither exception is applicable to Collins.

The Industrial Commission does not have jurisdiction over the matter until an application or claim is received from the injured party.

"In making an award the commission exercises a judicial function and *it acquires no jurisdiction of a case until a formal application for compensation is filed with it.*" Inspiration Consolidated Copper Co. v. Smith, 78 Ariz. 355, 358, 280 P.2d 273, 275 (1955). (Emphasis supplied.)

When the injured party has made no attempt to give the Commission jurisdiction within the period of limitations by making a timely application, the Commission cannot confer jurisdiction upon itself or by its actions be estopped from later claiming a lack of jurisdiction in contravention of the legislative mandate, although it may relieve the applicant of his failure to report his injury and preclude the forfeiture of any compensation due him. A.R.S. § 23–908, subsec. E. The requirement of filing a timely claim goes directly to the right of action itself, and not to the remedy. For this reason we have held in the past that an employer could not be estopped because of its conduct from pleading a defense of failure to file. In the *Holland* case we stated in the last sentence of the opinion that "When a matter is jurisdictional, estoppel may never be invoked to remove the bar and confer jurisdiction."

Since the Industrial Commission does not have jurisdiction in this case, the other matters presented by the Commission need not be reached.

The decision of the Court of Appeals is vacated, and the award is affirmed.

BERNSTEIN, C. J., McFARLAND, Vice C. J., and STRUCKMEYER and UDALL, JJ., concur.