487 P.2d 408

**Jose FREIG, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Peyton Packing Company, Respondent Employer,**

**Liberty Mutual Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 558.**

Court of Appeals of Arizona, Division 1.

Aug. 3, 1971.

Rehearing Denied Sept. 2, 1971.

Lawrence Ollason, Tucson, for petitioner.

No appearance for respondent.

Chandler, Tullar, Udall & Richmond by Jack Redhair, Tucson, for respondent employer and respondent carrier.

KRUCKER, Chief Judge.

This case involves an award which denied benefits to the petitioner on the basis that his claim was not timely filed and therefore the Industrial Commission lacked jurisdiction to award benefits.

The undisputed facts here are that the petitioner experienced an acute myocardial infarction about March 27, 1969, and was hospitalized March 30, 1969. On May 14, 1969, the petitioner, through his attorney, filed a request by a letter dated May 6, 1969, for hearing which was held on June 23, 1970. On April 24, 1969, the employer's insurance carrier filed a notice of claim status dated April 23, 1969, with the Industrial Commission. The employer, on April 15, 1969, filed the Employer's First Report of Injury with the Industrial Commission, dated April 9, 1969. On June 24, 1970, a Workman's Report of Injury was filed.

Additionally, petitioner's attorney avowed to the referee at the hearing on June 23, 1970, that he (petitioner's attorney) had mailed to both the Industrial Commission and the employer's insurance carrier letters dated May 7, 1969, stating that he represented the petitioner and requesting a hearing. Petitioner's attorney further avowed that he had attached to those letters the Workman's Report of Injury dated April 16, 1969 and signed by the petitioner, and further stated that neither letter had been returned to him undelivered. Petitioner's attorney filed an affidavit to the same effect on July 3, 1970.

By a letter dated July 22, 1970, the petitioner's doctor forwarded to petitioner's attorney a form consisting of a Workman's Report of Injury and a Physician's Initial Report of Injury. The Workman's Report was signed by the petitioner (dated April 16, 1969). The Physician's Report was signed by the doctor and dated July 22, 1970. In his letter of transmittal the doctor related that the Physician's Report was not submitted because of a language barrier with the petitioner and because it was not clearly established immediately what the causative factor was.

The employer's insurance carrier's file contained a copy of the petitioner's attorney's letter dated May 7, 1969, but did not have anything attached to this letter at the time of the hearing on June 23, 1970. The referee who heard this case states in the transcript of the hearing, after the hearing had begun, that the Industrial Commission's file did not have a Workman's Report of Injury in it, but it did have a copy of petitioner's attorney's letter dated May 7, 1969.

The Industrial Commission's file does have certain other documents in it, including copies of notices of hearing, subpoenae, letters in regard to these subpoenae, letters regarding proposed discovery proceedings, letters regarding a Cardiovascular Consultation Board proposed to examine the petitioner, letters regarding transfer of the file from Phoenix to Tucson in order to facilitate its review by counsel for the employer and the employer's insurance car-

rier, acknowledgement of receipt of the petitioner's request for a hearing, notice of the petitioner's request for a hearing, a letter from the employer's insurance carrier in regard to petitioner's injury, the employer's first report of injury, and a letter from petitioner's employer, all dated prior to March 27, 1970. The commission assigned this case a claim number as early as August 14, 1969, the date of its letter of acknowledgement of receipt of petitioner's request for hearing.

The law on the timeliness of filing for Workmen's Compensation benefits in Arizona is that notice must be given to the Industrial Commission "within one year after the injury occurred or the right thereto [to compensation] accrued." A.R.S. § 23-1061, subsec. A, as amended. The time that "the right thereto accrued" has been defined as meaning "'* * * when the claimant knows or in the exercise of reasonable diligence should have known that he had sustained a compensable injury.'" Bird v. Industrial Commission, 14 Ariz. App. 322, 483 P.2d 63, 64 (1971), quoting Mead v. American Smelting & Refining Co., 1 Ariz.App. 73, 76, 399 P.2d 694, 697 (1965).

■ Our Supreme Court has stated that the Industrial Commission has the "discretion to relieve an applicant of the consequences of his failure to make a timely filing of the claim for compensation where circumstances warrant. * * * Jones v. Industrial Commission, 96 Ariz. 283, 394 P. 2d 213." Parsons v. Industrial Commission, 98 Ariz. 74, 76, 402 P.2d 20, 22 (1965). However, the new Workmen's Compensation Act, A.R.S. § 23-901, et seq., as amended, effective January 1, 1969, has apparently expressly abolished any discretion the commission may have had under *Jones* and *Parsons*, supra, in regard to the filing of written notice of injury by the employee required in A.R.S. § 23-1061, subsec. A, in that the new section begins with the language "Notwithstanding the provisions of § 23-908. * * *"

A close examination of the claim file reveals that the May 7, 1969 letter in the claim file (received May 14, 1969) written by petitioner's attorney requesting a hearing contains the following language:

"If anything further is needed to perfect claimant's rights for a hearing, please respond by return mail immediately."

No evidence of any action in this regard, which is inconsistent with the petitioner having perfected his rights, is revealed by the record before us.

■ The commission did have written notice of the claim here as did the employer's insurance carrier, by reason of petitioner's attorney's letter of May 7, 1969. The commission already had the employer's insurance carrier's denial of claim and the employer's report of injury when it received the letter dated May 7, 1969. By any construction of A.R.S. § 23-1061, subsec. A, as amended, the commission had the required written notice of injury from the petitioner's attorney's letter. It should be noted that no party to this proceeding has been prejudiced in any way by the alleged inadequacy of filing of the petitioner's claim, since each party had notice of the injury well within the one-year period. The evidence before us reveals that there was written notice of injury given the Industrial Commission in this case with the result that this award must be set aside. The case at bar is distinguishable from Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967), in that the *Collins* case dealt with a situation where "the injured party has made no attempt to give the Commission jurisdiction within the period of limitations. * * *" Here, there were "attempts" (successful under our holding) to confer jurisdiction on the commission, including a request for a hearing, a request to be notified if anything else was necessary to perfect claimant's rights, and even the beginning of a hearing. The difference between the old and new A.R.S. § 23-1061 should be noted.

The old statute used the word "application" while the new statute merely refers to "notice * * * in writing." The instant case is decided under the new statute.

The petitioner asserts that the time for filing his claim did not begin to run until July 22, 1970, the date on which petitioner's doctor wrote the letter transmitting the Report of Injury forms referred to above. For this contention he cites Hughes v. Industrial Commission, 81 Ariz. 264, 304 P. 2d 1066 (1956), which held that an employee should not be denied compensation "when in the exercise of reasonable care he is unable to make a correct diagnosis of his injury. [Citation omitted]." We agree with this proposition of law, but it is not applicable here in that the petitioner appears to have known or to be reasonably chargeable with knowledge of his injury well prior to that time. A letter from the same doctor dated August 29, 1969, reveals the diagnosis and that, at least, the causal relationship between the injury and the petitioner's work was under consideration. This doctor, however, wrote that he was deferring judgment on the question of that relationship to a specialist. The better practice would appear to be to file written notice of the injury as soon as the possibility of the injury-work relationship, after diagnosis, appears.

This opinion should not in any way be construed as either express or implied approval of the failure of the petitioner, petitioner's attorney and petitioner's physician, to file the Report of Injury forms sooner than was done here. This is not to say that it is impossible that either petitioner's attorney or his clerical personnel could not have made a good faith, and therefore excusable, mistake in forwarding the Workman's Report of Injury form to the Industrial Commission. No other explanation than either oversight or delay appears reasonable as to the petitioner's doctor's failure to file his report sooner. The Industrial Commission also has the duty to check its own files to assure the proper instruments are contained in them, prior to the hearing.

Award set aside.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.