523 P.2d 783

Timothy K. VAN HORN, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Lyman H. Rollins, Respondent Employer.

No. 11485–PR.

Supreme Court of Arizona,
In Banc.
June 26, 1974.
Rehearing Denied Oct. 15, 1974.
See 527 P.2d 282.

Commission had jurisdiction to waive the late filing of a claim by the petitioner.

The facts necessary for a determination of the matter on appeal are as follows. Petitioner was hospitalized as the result of injuries sustained in the course and scope of his employment on 25 April 1970. In the same accident his wife was killed. The petitioner testified at the hearing that after he was in the hospital the following happened:

"A Yes, sir. The day after the accident Mr. Rollins arrived and I was still pretty shook up from the loss of my wife and things and I had other things on my mind. I knew that we had no insurance on us and Mr. Rollins had no insurance on us.

And he then gave my father a check for $600 and came to me and assured me that things would be taken care of, for me not to worry, because, needless to say, it was on my mind at that time, along with other things. And he gave me an indication that he was going to take care of the problems, financial problems, and for me not to worry.

"Q This $600 check that he gave your dad, was that for and on your behalf?

"A Yes, sir, it was. It was to help start taking care of the hospital bills.

"Q Was this a loan of any kind?

"A No, sir, it was not a loan. It was just to take care of the hospital bills, which I assumed that he would do."

Petitioner underwent back surgery and spent almost a month in the hospital. After a period of recuperation and getting used to his back brace, he went back to work for the respondent employer. He worked for about a year when he left. He testified:

"Q How long a time did you work for Lyman then?

"A I worked for him—it was just approximately a year then.

Jerome, Gibson & Mignella, P. C., by Michael Mignella, Phoenix, for petitioner.

Richard E. Taylor, Counsel, William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert A. Slonaker, Phoenix, for respondent employer.

CAMERON, Vice Chief Justice.

This is a petition for review of a memorandum decision of the Court of Appeals affirming an award of the Industrial Commission of Arizona which dismissed the claim of the petitioner because of lack of jurisdiction.

We are called upon to consider only one question on review and that is whether the

"Q Did he indicate to you that he was going to take care of some of your obligations?

"A Yes, sir. He indicated that he was raising my pay and that he was going to help take care of things. And all these promises kept coming in, but to no avail. And I kept asking Lyman, what's going to happen? And he says, well, things are a little rough right now. We'll take care of it.

And he moved me up a little bit in position, moved me into assistant trainer, but no more money. And I just finally came to a point where I told Lyman I had to go on out, I couldn't go on, I had to get these bills paid.

So I quit Lyman and came back down here."

The petitioner, on or about 28 December 1971, filed a claim with the Industrial Commission of Arizona.

The Commission held:

"That applicant failed to file a claim for said injury within one year from the date upon which said injury was sustained as provided by A.R.S. § 23-1061-A."

At petitioner's request a hearing was held at which time the petitioner testified as indicated above. The respondent employer did not testify. The hearing officer entered findings as follows:

"1. On April 25, 1970 the applicant sustained severe and multiple injuries in an automobile accident which occurred near Flagstaff, Arizona.

"2. On said date the applicant was in the employ of Lyman H. Rollins and was enroute to Richfield, Utah at the request of his employer to accompany several race horses being transferred to Utah at the time.

"3. The injury occurred when the vehicle which applicant was driving left the road and struck a tree. Applicant was transported by ambulance to the hospital in Flagstaff and was hospitalized there until May 4, 1970 when he was transferred to Phoenix General Hospital.

"4. As the result of the accident the applicant sustained multiple injuries, including a comminuted compression fracture of the first lumbar vertebra, laceration of his right forearm, multiple abrasions, contusions and lacerations and a sternoclavicular dislocation which required surgery on May 19, 1970.

"5. For the most part applicant's injuries became immediately manifest to him on April 25, 1970; the sternoclavicular dislocation became known on May 4, 1970 when discovered in orthopedic consultation in Phoenix.

"6. The statutes in effect at the time of the injury, pertinent to the problem herein involved, provide as follows:

23-1061

'A. Notwithstanding the provisions of § 23-908, no application for compensation shall be valid or claim thereunder enforceable unless notice of an accident resulting in an injury shall be given by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, to the Commission in writing within one year after the injury occurred or the right thereto accrued. The Commission upon receiving the notice shall give notice to the employer of the injury.

'B. Failure of an employee to file a claim with the Commission within one year or to comply with the provisions of § 23-908 shall not bar a claim if the insurance carrier or employer has commenced payments under the provisions of § 23-1044 or § 23-1045.'

"7. Applicant filed a notice of injury, or claim for benefits, with the Industrial Commission of Arizona on December 28, 1971, which was more than one year after the injury became manifest. The Commission had no written notice of the claim prior to that date. Accordingly, the claim is barred for failure to file written notice with the Commission

within one year from the date the injury became manifest, unless the employer commenced payments under the provisions of A.R.S. 23–1044 or A.R.S. 23–1045. Freig v. Industrial Commission of Arizona, 15 Ariz.App. 187, 487 P.2d 408 (1971).

"8. A.R.S. 23–1044 provides for the payment of compensation for temporary partial disability and permanent partial disability. A.R.S. 23–1045 provides for the payment of compensation "for temporary total disability and permanent total disability. A.R.S. 23–1062(A) provides for the payment of medical, hospital and surgical benefits.

\*  \*  \*  \*  \*  \*

"10. Applicant has therefore testified, both on direct and cross-examination, that the $600.00 payment made by the employer was to be used for his medical, hospital and surgical expenses. Said payment was therefore clearly made pursuant to A.R.S. 23–1062(A) and not pursuant to the provisions of A.R.S. 23–1044 or A.R.S. 23–1045.

"11. It is further noted that pursuant to A.R.S. 23–1062(B), compensation does not become payable until the incapacity extends beyond the period of seven (7) days. At the time that the employer visited the applicant in the hospital the day following the injury and delivered a check for $600.00, no compensation was then due applicant.

"12. The Commission is without jurisdiction to consider the present claim since notice of injury was not filed with the Commission within one year from the time the injury became manifest.

"13. One reason that the applicant did not file a claim or written notice of the accident with the Commission until approximately twenty months following the injury was that the employer made repeated promises to the applicant that he would 'take care of everything.' While one might assert that the employer should not be estopped from asserting lack of jurisdiction as a defense, the law is quite clear in this jurisdiction that once the Commission has lost jurisdiction estoppel may not be used to remove the bar and recreate an exhausted jurisdiction. Collins v. Industrial Commission of Arizona, 102 Ariz. 509, 433 P.2d 801 (1967); Freig v. Industrial Commission of Arizona, supra.

### AWARD

"IT IS HEREBY ORDERED that the Industrial Commission is without jurisdiction to award benefits in the instant matter, and that the claim for benefits, filed on December 28, 1971, and additional claims which have been filed by the applicant, be dismissed."

The Commission affirmed the decision of the hearing officer.

We believe that the decision of the Commission must be set aside for two reasons.

First, pursuant to our Constitution, which states in part:

"\*  \*  \*  The Legislature shall enact a Workmen's Compensation Law  \*  \*  \* in order to assure and make certain a just and humane compensation law in the State of Arizona, for the relief and protection of such workmen, their widows, children or dependents, as defined by law, from the burdensome, expensive and litigious remedies for injuries to or death of such workmen  \*  \*  \*." Art. 18, § 8, Arizona Constitution, 1 A.R.S.

The Commission has inherent power under our Constitution to relieve a workman of his failure to file a timely application for compensation when the ends of justice dictate and the legislature may not unduly restrict that right.

"We have held that the Commission has discretion to relieve an applicant of the consequences of his failure to make a timely filing of his claim for compensation where circumstances warrant relieving claimant from his failure to file claim within the time. Jones v. Industrial Commission, 96 Ariz. 283, 394 P.2d 213. We have repeatedly held that the

Workmen's Compensation Act should be liberally construed for the protection of those coming within its provisions, Arizona Constitution Art. 18, sec. 8, A.R.S." Parsons v. Industrial Commission, 98 Ariz. 74, 76, 402 P.2d 20, 22 (1965).

█ Secondly, under the facts in the instant case, particularly where we are concerned with a "no insurance award," the employer and the Commission may be estopped to assert the untimeliness of the filing. In a prior case, we stated:

"* * * When the injured party has made no attempt to give the Commission jurisdiction within the period of limitations by making a timely application, the Commission cannot confer jurisdiction upon itself or by its actions be estopped from later claiming a lack of jurisdiction in contravention of the legislative mandate, although it may relieve the applicant of his failure to report his injury and preclude the forfeiture of any compensation due him. A.R.S. § 23–908, subsec. E. The requirement of filing a timely claim goes directly to the right of action itself, and not to the remedy. For this reason we have held in the past that an employer could not be estopped because of its conduct from pleading a defense of failure to file. In the "Holland [Holland v. Industrial Commission, 78 Ariz. 16, 274 P.2d 836] case we stated in the last sentence of the opinion that 'When a matter is jurisdictional, estoppel may never be invoked to remove the bar and confer jurisdiction'." Collins v. Industrial Commission, 102 Ariz. 509, 511, 433 P.2d 801, 803 (1967).

In Collins, supra, the workman did not file his claim until more than two years after the injury even though he received accident benefits from the Commission. The rule laid down in Collins v. Industrial Commission, supra, is very narrow. Larson calls it "a very restrictive decision," Larson, § 78.11, Workmen's Compensation Law 1968, Vol. 3, and it would appear that we are the only jurisdiction to take such a harsh view. We have recently stated:

"We are aware that in the past we have held that a failure to timely file after notice of termination of an award deprives the Industrial Commission of jurisdiction to further consider the matter. (citations omitted) At this juncture, we consider it appropriate to recede from that position. When the facts appear to warrant relief, as here, and the delay is neither excessive nor unfair in its consequences to the carrier, the Commission in the interests of justice may waive the untimeliness of the filing. (footnote omitted)" Parsons v. Bekins Freight, 108 Ariz. 130, 132, 493 P.2d 913, 915 (1972).

We hold, under the facts in this case, that the employer and the Commission may be estopped to claim the untimeliness of the filing as a bar. Anything in the case of Collins v. Industrial Commission, supra, to the contrary is by this opinion overruled.

Award set aside.

STRUCKMEYER and LOCKWOOD, JJ., concur.

HOLOHAN, Justice (dissenting).

Prior to the decision of the Court today the law in Arizona was well settled that the failure to file a claim within one year after the injury occurred or became apparent barred a claim for industrial compensation. A.R.S. § 23–1061. The Court of Appeals felt that the law was so clear that they issued their ruling by a memorandum decision.

Prior to today's decision, Arizona, along with a number of other states, adopted the position that the provisions of the workmen's compensation law requiring the filing of a claim within a specified period of time was mandatory and jurisdictional. 100 C.J.S. Workmen's Compensation § 468(2) (1958); Hartford Accident & Indemnity Co. v. Industrial Commission, 43 Ariz. 50, 29 P.2d 142 (1934); McCormick v. Industrial Commission, 96 Ariz. 88, 392 P.2d 299 (1964); Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801

(1967). Since the matter was jurisdictional it could not be waived. Collins v. Industrial Commission, *supra.*

The Court overrules *Collins,* but in so doing it in effect overrules the clear legislative intent in A.R.S. § 23–1061. The legislature, in 1969, some two years after *Collins,* substantially revised the Workmen's Compensation Act. The legislature saw fit to retain substantially the same language of A.R.S. § 23–1061 which had been construed in *Collins.* It seems obvious to me that if the legislature had wished to change the rule in *Collins* it could have easily done so, but the legislature did not make the change, and under the elementary rules of statutory construction, the Court must presume that the intent of the legislature was to continue the interpretation placed by the courts on the statute.

In State v. Superior Court of Pima County, 104 Ariz. 440, 454 P.2d 982 (1969) on the subject of legislative intent the Court stated:

"We do not assume the Legislature was unaware of our holdings and, therefore, by re-enacting the statute in substantially the same language intended to carry the construction of the former act into the present law:" 104 Ariz. at 442, 454 P.2d at 984.

In Madrigal v. Industrial Commission, 69 Ariz. 138, 210 P.2d 967 (1949) this Court stated the rule of construction to be:

"But there is even more convincing evidence that the holding in the Melendez case is not a variance with the results intended by the legislature. Both Secs. 56–928 and 56–929, supra, which deal with the exclusion of certain agricultural laborers, have been expressly considered by the legislature since the decision in the Melendez case, and both of said sections have been amended in other respects, but the specific language in each section which was construed by the court was reenacted without any change in substance. * * * It is universally the rule that

where a statute which has been construed by a court of last resort is reenacted in the same or substantially the same terms, the legislature is presumed to have placed its approval on the judicial interpretation given and to have adopted such construction and made it a part of the reenacted statute." 69 Ariz. at 144, 210 P.2d at 971.

It is also most noteworthy that the Court in *Madrigal* also cautioned:

"We are not impressed with petitioner's plea for a more liberal interpretation in this matter, as for us to so enlarge the coverage of the act would not be a liberal interpretation but would amount to nothing short of judicial extension." 69 Ariz. at 144, 210 P.2d at 971.

In the revision of the Workmen's Compensation Act, A.R.S. § 23–1061 continued to provide that the only two exceptions to the time limit within which a claim was to be filed were those set forth in subsection B, neither of which apply to the case at issue. In view of the legislative history and the long uniform interpretation on the meaning of the words it appears that the majority has frustrated the clear meaning of the statute and frustrated the purpose intended by the legislature.

In addition to overruling the prior case law and defeating the plain language of the statute the majority opinion also introduces for the first time the concept that the Industrial Commission has somehow become a creation of the Arizona Constitution and that the Industrial Commission has "inherent powers." Needless to say, no authority is suggested for this novel position in which a statutory agency becomes endowed with inherent constitutional powers. Until today's decision this Court on a number of occasions had held that the Industrial Commission was a statutory agency whose powers, rights and duties depended upon the provisions of the statute, and the agency created had no powers other than those that were specifically or impliedly delegated by *statute.* Industrial Commission v. Arizona Power Co., 37

Ariz. 425, 295 P. 305 (1931); Sims v. Moeur, 41 Ariz. 486, 19 P.2d 679 (1933); Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011 (1951).

Lastly, the Court's extension of the statute leaves the Commission with no real standard. The Court holds that the Commission may relieve a workman of a failure to file a timely application for compensation when the ends of justice dictate. In the spirit of the federal supreme court we will decide on a case-by-case basis what is meant by the "ends of justice." Do we mean that excusable neglect is part of the ends of justice? Is the concept to be limited to conduct by the employer or insurer which would constitute fraud, coercion, or estoppel? The "judicial intent" which has been substituted for the legislative intent remains obscure under the majority opinion. In amending a statute by interpretation the least the Court could do is be clear in what it means.

HAYS, C. J., concurs.