527 P.2d 282

Timothy K. VAN HORN, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Lyman H. Rollins, Respondent Employer.

No. 11485–PR.

Supreme Court of Arizona,
In Banc.

Oct. 15, 1974.

238

Jerome, Gibson & Mignella, P. C., by Michael Mignella, Phoenix, for petitioner.

Richard E. Taylor, Counsel, William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert A. Slonaker, Phoenix, for respondent employer.

James B. Long and J. Victor Stoffa, State Compensation Fund, Phoenix, brief amicus curiae.

CAMERON, Vice Chief Justice.

On 26 June 1974, we filed our opinion in the matter of Timothy K. Van Horn v. Industrial Commission, Respondent, Lyman H. Rollins, Respondent Employer, 111 Ariz. 86, 523 P.2d 783 (1974). A complete statement of facts is set forth in that opinion. In that opinion we held that the Commission under our Constitution had "inherent power . . . to relieve a workman of his failure to file a timely application for compensation" and we stated:

"We hold, under the facts in this case, that the employer and the Commission may be estopped to claim the untimeliness of the filing as a bar. Anything in the case of Collins v. Industrial Commission, supra, to the contrary is by this opinion overruled."

Thereafter motions for rehearing were filed by respondent Industrial Commission of Arizona and the respondent employer.

Application for leave to file brief amicus curiae by the State Compensation Fund was granted by this court on 8 August 1974.

The brief amicus curiae of the Fund, while agreeing that "under the foregoing circumstances, it is clear that the applicant should have been relieved of his failure to file a claim within one year of the date upon which his injury was sustained," urges that portions of § 23–1061 A.R.S., amended after our decision in Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967), accomplishes this end without the necessity of the very broad language we used in the prior opinion in this case. As amended the statute reads:

"A. Notwithstanding the provisions of § 23–908, no application for compensation shall be valid or claim thereunder enforceable unless notice of an accident resulting in an injury shall be given by the employee, or if resulting in death by the parties entitled to compensation, or someone on their behalf, to the commission in writing within one year after the injury occurred or the right thereto accrued. The commission upon receiving the notice shall give notice to the employer of the injury.

"B. Failure of an employee to file a claim with the commission within one year or to comply with the provisions of § 23–908 shall not bar a claim if the insurance carrier or employer has commenced payments under the provisions of § 23–1044 or § 23–1045.

> \*  \*  \*  \*  \*  \*

"D. The issue of failure to give notice must be raised at the first hearing on a claim for compensation in respect to the injury or death."

And our Court of Appeals has stated:

"In view of these statutory amendments, we think it apparent that the one year filing requirement can no longer be considered as jurisdictional in nature. Rather, it must now be considered as being in the nature of an affirmative defense, which must be asserted by the party relying thereon, and which may be waived unless *timely* asserted."

Priedigkeit v. Industrial Commission, 20 Ariz.App. 594, 597, 514 P.2d 1045, 1048 (1973).

We agree with the brief amicus curiae that as a result of the amendment to the statute the one year filing requirement:

"\* \* \* is no longer jurisdictional as respects the power of the Commission, but is instead an affirmative defense and the doctrine of equitable estoppel may be applied to prevent an employer from raising the bar of the one-year limitation where he had, by his own conduct, caused the employee to forebear filing a claim; \* \* \*."

We believe that the statute as amended complies with the constitutional mandate to the legislature to provide a "just and humane compensation law," Art. 18, § 8 Arizona Constitution, 1 A.R.S., and that a claimant who has been misled by his employer may be relieved of his failure to file a notice within one year of the injury.

The finding of the hearing officer affirmed by the Commission and the Court of Appeals, which reads

"12. The Commission is without jurisdiction to consider the present claim since notice of injury was not filed with the Commission within the one year from the time the injury became manifest"

was erroneous. The award must be set aside.

We also stated that the Industrial Commission itself was estopped from asserting the untimeliness of the filing. On reconsideration we have concluded that this statement is incorrect. While the employer may be estopped by his actions to claim the untimeliness of the filing as a bar, the Commission may not be so estopped. Kerby & Hartford Accident & Indemnity Co. v. State ex rel. Frohmiller, 62 Ariz. 294, 157 P.2d 698 (1945); Board of Trustees v. Wildermuth, 16 Ariz.App. 171, 492 P.2d 420 (1972). The Commission had jurisdiction and discretion to excuse the

petitioner from filing a late petition and under the facts in the instant case certainly should have allowed the late filing but the Commission was not estopped from considering the matter.

The majority opinion in the prior case is by this opinion modified and the motion for rehearing denied.

STRUCKMEYER and LOCKWOOD, JJ., concur.

.HAYS, C. J., and HOLOHAN, J., concur in the result.