545 P.2d 443

ST. PAUL FIRE & MARINE INSURANCE
COMPANY and Goettl Bros. Com-
pany, Petitioners,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

James W. Austin, Respondent Employee.

No. 1 CA–IC 1341.

Court of Appeals of Arizona,
Division 1,

Department C.

Feb. 5, 1976.

Rehearing Denied March 9, 1976.

Review Denied March 30, 1976.

Lewis & Roca by Merton E. Marks and R. Kent Klein, Phoenix, for petitioners.

Greg L. Folger, Chief Counsel, Industrial Commission of Arizona, Phoenix, for respondent.

Donald J. Morgan, Phoenix, for respondent employee.

OPINION

NELSON, Presiding Judge.

James W. Austin (Austin), the respondent employee, suffered an industrial injury to his back while employed by Goettl Brothers Company, one of the petitioners herein, on January 23, 1973. He filed a claim for workmen's compensation benefits more than 14 months later on April 4, 1974. St. Paul Fire and Marine Insurance Company (Carrier), the insurer of the employer here, denied the claim. A hearing was requested by Austin and held. The carrier raised the issue of late filing as provided for in A.R.S. § 23–1061D. The hearing officer waived the untimely filing and entered an award for a compensable claim. The award was affirmed by the hearing officer on review, then brought here by the carrier. We affirm the award.

While the carrier characterizes the question presented to this Court as one regarding the jurisdiction of the Industrial Commission of Arizona to enter an award when a claim was filed more than two months after the expiration of the statute of limitations set out in A.R.S. § 23–1061A, that particular issue is well settled in the supplemental opinion of the Arizona Supreme Court in *Van Horn v. Industrial Commission of Arizona*, 111 Ariz. 86, 523 P.2d 783 (1974), supplemented, 111 Ariz. 237, 527 P.2d 282 (1974). The Court's language is manifest regarding the legislative amendments of 1968 (Laws 1968, 4th S.S. § 49) changing the question from one of jurisdiction to one of affirmative defense. The question more properly, then, becomes one concerning the possible abuse of discretion by the hearing officer in resolving

this issue against the carrier. Reviewing the record in a light most favorable to upholding the award of the hearing officer, *Micucci v. Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972), it is evident that there was no abuse of discretion here.

The record amply supports the hearing officer's findings numbered 2 through 9, which reflect both the underlying facts and the hearing officer's thought processes in exercising his discretion as to the waiver of the untimely filing of the claim:

"2. The applicant previously suffered an industrial injury to his left leg while in the employ of the same employer and his claim was accepted for benefits by the carrier here involved. This claim was open for benefits during all the period of time involving the second claim for the back injury. The prior claim was not before the Hearing Officer for disposition but is considered only a part of the evidence bearing on the late filing of the second claim.

"3. The applicant testified that on January 23, 1973 he attempted to move a table upon which were stacked swamp coolers—two rows high. The upper cooler toppled over and struck the applicant between the shoulder blades knocking him to his knees. He stated that he reported the incident to his employer on the same day. It is not denied that the applicant did not file a formal claim with the Industrial Commission until April 4, 1974.

"4. The actual occurrence of the episode as described by the applicant is not seriously controverted and is substantiated by the testimony of two disinterested witnesses, Reynaldo G. Romero and George F. Riley, who witnessed the event. The unimpeached, reasonable testimony of disinterested witnesses are presumed to be true. [Citation omitted]

"These two witnesses also presented circumstantial evidence supporting the applicant's statement that he filed a report of the incident on the same day with the employer. [Citation omitted]

"5. The applicant has sustained his burden of proof that he suffered an injury by accident on January 23, 1973 arising out of and in the course of his employment with the defendant employer.

"6. The primary issue is whether the filing of the workman's claim more than two months after the expiration of one year from the date of injury deprives the Commission of jurisdiction to consider the claim. A.R.S. § 23–1061A. The carrier timely raised this issue in accordance with A.R.S. § 23–1061D.

"7. There is an element of uncertainty here caused by the open claim for the applicant's knee injury. He was receiving temporary disability benefits and medical benefits for this injury. Some of the medical benefits paid by the carrier included treatments to Mr. Austin's back in addition to the knee. Certainly Mr. Austin could have therefore been confused into believing that his back injury had been accepted for benefits by the carrier and that no further action was required on his part. But this is belied by the fact that the applicant was advised on several occasions by Robert Rissi, a representative of the carrier, that he should file a proper claim for the second injury with the Industrial Commission.

"Mr. Austin did not directly deny this fact but instead relied on his filing of the accident report with his employer on the date of the injury. The filing of an accident report with the employer as required by A.R.S. § 23–908D is separate and distinct from the requirement of filing a claim for benefits with the Industrial Commission pursuant to A.R.S. § 23–1061A. And even though he had the advice from Mr. Rissi in ample time to comply with A.R.S. § 23–1061A he failed and neglected to do so.

"8. On the other hand A.R.S. § 23–908F states:

'Within ten days after receiving notice of an accident, the employer shall inform his insurance carrier. The insurance carrier or self-insurer shall inform the Commission on such forms and in such manner as may be prescribed by the commission.'

There is no indication in the Commission's file that this procedure was complied with by the employer and the carrier, and in fact the evidence is to the contrary. Had the defendants complied with the statutory procedure the confusion here would have been avoided because of the Commission's policy of soliciting claim forms from an injured workman, who otherwise has not filed a claim, upon receipt of the notice of injury. Were this done the applicant either would have filed a timely claim or had he not done so his neglect or indifference would have been manifest.

"9. From all the evidence and the conflicts contained therein, particularly the testimony of the applicant and the representative of the carrier, it is apparent that much is to be desired of the actions of the parties. However, in balancing the equities it is the opinion of the Hearing Officer that the requirement of filing a claim within one year of the date of injury as required by A.R.S. § 23–1061A should be waived. See *Van Horn v. Industrial Commission*, 111 Ariz. 86, 523 P.2d 783 (1974); *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P. 2d 913 (1972)."

While there was some question regarding the policy of the Commission, as set forth in finding # 8 supra, to solicit claim forms from workmen when the Commission is made aware of an injury, either through the proper compliance with A.R.S. § 23–908F, above, or otherwise, such a policy is evident from a reading of the very statute in question. A.R.S. § 23–1061C is very clear and needs little interpretation:

"C. If the commission receives a notification of the injury, the commission *shall* send a claim form to the employee." (Emphasis added)

While the hearing officer has used the words "balancing the equities" above, it is obvious from the totality of his finding, particularly in light of his citation to *Van Horn,* supra, that he viewed the role of the employer and carrier in paying for the medical treatment for Austin's back injury and in failing to inform the Industrial Commission of the new accident as sufficient involvement in Austin's forbearance to excuse the late filing.

While both the carrier and Austin cite the plethora of relatively recent cases from both this Court and the Supreme Court of Arizona on late filings to show that the standards of those cases either have or have not been met, e. g., *Van Horn v. Industrial Commission of Arizona,* supra; *Parsons v. Bekins Freight,* supra; *MRF Construction Company v. Industrial Commission of Arizona,* 111 Ariz. 466, 532 P.2d 528 (1975); *Janis v. Industrial Commission of Arizona,* 111 Ariz. 362, 529 P.2d 1179 (1974); *Chavez v. Industrial Commission of Arizona,* 111 Ariz. 364, 529 P.2d 1181 (1974); *Bernard v. The Industrial Commission of Arizona,* 24 Ariz.App. 136, 536 P.2d 705 (1975); *Judd v. The Industrial Commission of Arizona,* 23 Ariz. App. 254, 532 P.2d 196 (1975); *Gurovich v. Industrial Commission of Arizona,* 23 Ariz.App. 486, 534 P.2d 294 (1975); *In re Trull,* 21 Ariz.App. 511, 520 P.2d 1188 (1974), it is clear from these cases that no rigid set of guidelines has been established. The cases talk about excessive delay, short delay, merits of the workman's compensation claim, reasons for the delay, activities or forms of the employer or carrier which may have contributed to the delay, prejudice to the carrier as a result of the delay, and other factors.

When you look at the language of the Supreme Court of Arizona in *Parsons, Janis, Chavez* and *Van Horn* supra, it is clear that once the issue of jurisdiction is

**598**

properly disposed of, *Van Horn*, supra, then there is broad discretion vested in the hearing officer in "the interests of justice" (which is not that far removed from the hearing officer's phrase "balancing the equities") to waive the untimely filing. As Chief Justice Cameron said in *Van Horn*, supra:

> "The Commission had jurisdiction and discretion to excuse the petitioner from filing a late petition . . ." 111 Ariz. at 239, 527 P.2d at 284.

That jurisdiction and discretion have been exercised here and the record amply supports the hearing officer's findings. *Micucci*, supra.

The award is affirmed.

WREN, J., and HENRY S. STEVENS, Judge Retired, concur.

NOTE: The Honorable HENRY S. STEVENS, Judge, retired, was called to participate in the disposition of this matter.