635 P.2d 184

**Terry ROTHERY and Don Rothery, wife and husband; Richard A. Perry and Ann Perry, husband and wife, Plaintiffs/Appellees,**

v.

**Nancy CANTRELL, O'Dell L'Heureux, Barry Bishop, Jeanne Milczarek, Don Newland, Members, Board of Education, Buena High School District No. 68, Buena High School District No. 68, Defendants/Appellants.**

No. 2 CA–CIV 3920.

Court of Appeals of Arizona, Division 2.

July 21, 1981.

Rehearing Denied Sept. 2, 1981.

Review Denied Oct. 6, 1981.

Greenwood, Ryan, Herbolich & Atonna, Ltd. by Arthur C. Atonna, Douglas, for plaintiffs/appellees.

Polley & Polley by Karl Elledge, Sierra Vista, Beverly H. Jenney, Cochise County Atty. by Jody N. Klein, Bisbee, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

This is an appeal from a judgment and award in favor of appellees/employees Rothery and Perry in the amounts of $550 and $3,850, respectively, against appellants/employers for back pay.

In 1972 the appellate school board actively sought federal funds that were available to school districts with an approved vocational education program. To qualify as an approved program, all the vocational education teachers had to have vocational education certification. Some of appellants' vocational education teachers had the certification but those that did not were to obtain the certification or they would be fired. Because this order met with resistance from the vocational education teachers, a majority of the board informally authorized the superintendent to work out a plan to compensate the teachers for obtaining the required certification.

Although the record is devoid of any formal policy action by the board, as part of its budget preparation it approved payment of additional compensation in the form of contract "riders" to the vocational education teachers who either possessed or obtained the necessary certification. These vocational education teachers received the extra compensation from 1972 until August 15, 1977, when appellant formally acted to abolish the riders.

Appellees Rothery and Perry were hired as vocational education instructors in 1976 and 1975, respectively. Neither was offered or paid extra compensation for vocational education certification. In May 1978 they filed this complaint alleging breach of contract and a denial of equal protection.

In finding in favor of appellees, the trial court concluded that appellants had developed a *de facto* policy for additional compensation for certified vocational education teachers and that appellees were entitled, under the equal protection doctrine, to be treated the same as the other vocational education teachers. Both were awarded the back pay they would have received had they been paid in the same manner as the other vocational education teachers prior to appellants' rescission of the policy in 1977.

Appellants contend that the trial court erred in its judgment because:

1) appellants' initial action regarding the *de facto* policy was null and void because it violated the open meeting law;

2) the *de facto* policy arose out of an improper delegation of appellants' authority to the superintendent and the assistant-superintendent and was void;

3) appellees were not denied equal protection because they did not have an enforceable or contractual right to extra compensation; and

4) even if appellees had an enforceable right, they waived it by signing contracts that did not include the extra compensation.

Even assuming that appellants' payment of additional compensation to other vocational education teachers neither violated the open meeting law nor was an improper delegation of authority, we reverse because appellees had no contractual right upon which to base their claim of a denial of equal protection. Consequently, we need not consider appellants' waiver argument.

Appellees claim that they were denied equal protection because all the other vocational education teachers received additional compensation for their vocational certification and appellees did not.

Any claimed violation of the equal protection clause of either the federal or state constitutions must rest upon the denial of equal protection of some statutory or contractual right. *Mukilteo Education Association v. Mukilteo School Dist. No. 6*, 11 Wash.App. 675, 524 P.2d 441 (1974). There is no statutory right to receive additional compensation for possession of a vocational certificate. Appellees have urged instead that they had a contractual right to receive the claimed extra compensation. Neither appellee's contract with the school district made any reference to payment of a vocational education rider. Both appellees admitted that no mention was made of the rider in their contract discussions with any representative of the school district.[1] They claim instead that a *de facto* policy for such extra compensation existed, that the policy was well known, that appellees relied on that policy, and that that policy was implicit in the contracts the school district made when it hired appellees as vocational education teachers with the appropriate vocational certificates. We do not agree.

Pertinent statutory provisions, *Carlson v. School District No. 6*, 12 Ariz.App. 179, 468 P.2d 944 (1970), and fully adopted rules and regulations of a district, *Board of Trustees v. Wildermuth*, 16 Ariz.App. 171, 492 P.2d 420 (1972), have been deemed included in a teacher's contract. No authority cited by appellees supports their contention that unwritten, informal policies of the nature described here are necessarily incorporated into subsequent contracts. In fact, the opposite appears true. *Cf. Taft v. Bean*, 24 Ariz.App. 364, 538 P.2d 1165 (1975) (held that prior contract provisions entitling tenured teachers to double increment salary increases had no relevance to the current contracts which deleted the provision). Appellees signed contracts and riders which called for specific salaries which the school district paid in full. The fact that the school district paid other vocational education teachers more was immaterial and appellees had no cause of action for any additional salary payments. *See Haverland v. Tempe Elementary School District No. 3*, 122 Ariz. 487, 595 P.2d 1032 (App.1979).

Consequently, we hold that the trial court's conclusion that appellees had a contractual right upon which to base a denial of equal protection claim was error.

Reversed and remanded to enter judgment in favor of appellants.

HATHAWAY, C. J., and HOWARD, J., concur.

---

1. Appellants presented testimony that Mrs. Rothery was told that she could not be paid anything additional for her vocational certificate. Mrs. Rothery denies having been so informed.