542 P.2d 1160

Arthur **CHARLES**, Jr., Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

Ted Walker Trailer Sales, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 1258.

Court of Appeals of Arizona, Division 1,

Department C.

Dec. 2, 1975.

Rehearing Denied Dec. 24, 1975.

Review Denied Jan. 27, 1976.

Davis, Eppstein & Tretschok by Robert W. Eppstein, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Donald F. Schaar, Phoenix, for respondents employer and carrier.

OPINION

WREN, Judge.

This review by certiorari is directed toward the singular issue of whether wage increases given for longevity and continued satisfactory performance must be discounted in computing loss of earning capacity. We do not agree that these increases should be disregarded and affirm the award of the Industrial Commission.

Petitioner, Arthur Charles, Jr., sustained an industrial injury on June 24, 1955 and was awarded a permanent partial disability on September 9, 1957. His loss of earning capacity was determined to be 3.38% or $6.08 per month.

On November 13, 1973 the carrier, State Compensation Fund, filed a petition for readjustment of compensation pursuant to the authority of A.R.S. § 23–1044F alleging that Charles no longer had a loss of earning capacity. On February 15, 1974 the Industrial Commission readjusted Charles' compensation to zero and Charles requested a hearing. The hearing officer's decision was entered August 21, 1974 and found Charles to have no loss of earning capacity.

The resolution of the issue of Charles' loss of earning capacity revolves around the formula set out in *Whyte v. Industrial Commission,* 71 Ariz. 338, 227 P.2d 230 (1951). *Whyte* held that in determining post-injury earning capacity, the actual post-injury earnings of the injured workman must be adjusted or "rolled back" to the time of the injury when the evidence demonstrates that the post-injury earnings have been affected by a general increase in wage levels. *See Arizona Public Service Co. v. Industrial Commission,* 16 Ariz.App. 274, 492 P.2d 1212 (1972). It is undisputed that Charles' earnings in 1973 as a mail carrier must be rolled back to the wages of a mail carrier in 1955 to determine loss of earning capacity under the *Whyte* doctrine.

Charles had been employed by the Post Office as a mail carrier since 1960. Over the course of his employment he had moved up the possible steps in his job classification and had attained the top salary level for a mail carrier. The raises received by Charles that elevated him from one step to another were based only on longevity and continued satisfactory performance of his work. They involved no change in job duties and no increase in responsibility. Having attained the upper limit of the pay scale, any future raises would be national,

affecting all postal workers as long as Charles remained in the same employment.

Charles contends that since his duties had remained exactly the same since he started as a full-time mail carrier, the salary increases that represented a move from grade level to grade level should have been discounted when considering loss of earning capacity because they did not involve a change in job description or performance, but merely longevity and continued satisfactory performance. Charles maintains, therefore, that the hearing officer erred when he compared the salary of a top grade mail carrier in 1955 to Charles' pre-injury wages. Rather, he urges the correct measure should have been the salary of a beginning mail carrier in 1955 compared to the pre-injury wages. We do not agree.

■ The *Whyte* formula was designed to discount the effects of inflation on wage levels. The Court recognized that during times of inflation and deflation a meaningful comparison of wages is possible only when the wages in each job are compared in the same year. The Court also noted that the formula "has no application where the difference in wages during that period is due to . . . the peculiar or special efficiency of such employee." 71 Ariz. at 346, 227 P.2d at 235. Therefore, only salary increases due to inflation are discounted, not those based on merit.

■ It is the position of petitioner that his moves up the pay scale were reflective of general wage level increases rather than the particular merits of his performance as a mail carrier. His contention is premised on the fact that his job remained the same and no improvement in job performance need be shown for the raise and grade level increases. We do not think that this kind of salary increase falls under the contemplation of the general increase of wage levels considered in *Whyte.* National raises are quite separate from the change of grade levels and most likely reflect cost of living increases. Also, the fact that

Charles' job duties remained the same is not determinative. Longevity and continued satisfactory performance increase an employee's value to an employer and raises based on these factors are to be considered as merit rather than inflation increases.

The hearing officer was correct, therefore, in comparing the highest level mail carrier salary in 1955 rather than starting salary to Charles pre-injury earning. The conclusion that there was no longer a loss of earning capacity necessarily follows from the record.

The award is affirmed.

NELSON, P. J., Department C, and SCHROEDER, J., concur.