549 P.2d 619

**Bryan H. WIMMER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Isbell Construction Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 1372.**

Court of Appeals of Arizona, Division 1, Department C.

May 18, 1976.

Davis, Eppstein & Tretschok by Robert W. Eppstein, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by George B. Morse, Tucson, for respondents employer and carrier.

## OPINION

EUBANK, Presiding Judge.

Petitioner was injured in an industrial accident on September 10, 1964. His

average monthly wage was set at $601.02. His loss of earning capacity was found to be 83.36%, and he was awarded loss of earning capacity compensation of $275.56.

After his injury, petitioner obtained his G.E.D. certificate, a bachelor's degree, and a master's degree; ultimately, he became a high school teacher. On June 27, 1974, the carrier filed a petition for rearrangement which was based on an allegation that petitioner did not have the same loss of earning capacity as originally awarded.

On November 8, 1974, petitioner's compensation was adjusted to $61.32, to be effective on the date of the hearing. After the hearing on February 13, 1975, the hearing officer calculated petitioner's present monthly earning capacity (reduced to 1964 level) as $654.05—the annual salary paid at the date of the injury by the district in which petitioner was teaching, divided by a nine and a quarter month school year. Since this figure was higher than petitioner's pre-injury average monthly wage, the hearing officer held that there was no loss of earning capacity and terminated compensation on March 19, 1975.

As his first question on appeal, petitioner argues that his loss of earning capacity benefits cannot be reduced or terminated on the basis of present earnings, when those present earnings were the result of petitioner's own rehabilitative efforts with little or no assistance from the carrier.

■ No Arizona case law or statutory authority is presented for this contention, and in any event, we note that there was conflicting evidence about the extent of the carrier's participation in petitioner's rehabilitation. The hearing officer found that the carrier had contributed directly to the cost of petitioner's education, at least to the extent of paying for one semester and two summer sessions, as well as for books. Moreover, petitioner was receiving workmen's compensation and social security payments during the time he was attending school. Finally, the hearing officer found that the Department of Vocational Rehabilitation, a state agency, also assisted

petitioner in meeting his education expenses. Thus, the hearing officer determined that the carrier was more than an absent or passive factor in petitioner's ultimate rehabilitation:

## FINDINGS

\*   \*   \*   \*   \*   \*

3. \*   \*   \*

That the applicant was rehabilitated through the efforts of The Industrial Commission and the Department of Vocational Rehabilitation; that the present earning capacity of the applicant is a result of said rehabilitation and is properly considered in determining what his present loss of earning capacity is, if any.

\*   \*   \*   \*   \*   \*

The evidence supports the hearing officer's determination, and this Court will not disturb his findings. *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972); *Malinski v. Industrial Commission*, 103 Ariz. 213, 439 P.2d 485 (1968).

■ Petitioner also asks whether, if his benefits can be reduced, he is entitled to be reimbursed for all or part of what he contributed toward obtaining his college education, in addition to receiving compensation for total loss of his earning capacity while he was going to school (less credit for the partial loss compensation which he received).

We hold that the answer to this question is negative. We can find no authority for the proposition that each expenditure made by a rehabilitating employee on his own behalf must be reimbursed by the carrier, when the evidence supports the conclusion that the carrier and the Department of Vocational Rehabilitation assisted him in his education.

■ Petitioner also questions whether the original determination of his average monthly wage can be corrected if it were set too low. Petitioner claims that the measured wage period included three months during which petitioner earned

nothing, owing to his being away from work because of an earlier industrial injury. The hearing officer held that this was res judicata, and we agree. The exceptions developed in *Van Horn v. Industrial Commission,* 111 Ariz. 86, 523 P.2d 783, modified 111 Ariz. 237, 527 P.2d 282 (1974), *Janis v. Industrial Commission,* 111 Ariz. 362, 529 P.2d 1179 (1974), and *Chavez v. Industrial Commission,* 111 Ariz. 364, 529 P.2d 1181 (1974), would not help petitioner in view of the length of time he has waited to raise this issue and in view of the prejudice to the carrier. *Van Horn, Chavez,* and *Janis* are not intended to scuttle the doctrine of res judicata as it applies to workmen's compensation claims, but rather to modify the doctrine's harshness in exceptional and non-prejudicial circumstances. Those circumstances do not exist here.

■ Finally, petitioner questions the correctness of the method used by the hearing officer in reducing petitioner's present earning capacity to a 1964 level (i. e., the year of the injury). The hearing officer used the annual salary for a teacher in the District in 1964 with two years' teaching experience and a master's degree, and then divided by nine and a quarter month school year. Petitioner contends that the hearing officer should have used the wage of a beginning teacher and should have divided be twelve.

Since petitioner had two years' teaching experience, and a master's degree at the time of the hearing, we hold that the hearing officer properly used these criteria in determining the applicable 1964 salary.

■ However, the hearing officer was incorrect in his finding Number 5 that *Powell v. Industrial Commission,* 7 Ariz. App. 518, 441 P.2d 553 (1968), *aff'd,* 104 Ariz. 257, 451 P.2d 37 (1969), required petitioner's earning capacity be determined on a nine and one-quarter month basis. *Powell* merely required that the length of a teacher's employment contract be used—a nine month contract in *Powell* and a twelve month contract in the instant case, since petitioner had a twelve month contract at the time the present monthly earning capacity was being computed. This error is harmless, however, since the quotient is substantially the same whether one divides the 1964 salary ($6050) by 9.25 months or extends the 1964 salary to a twelve month equivalent ($7848.65) and divides by twelve months.

The award is affirmed.

HAIRE, Chief Judge, Division 1, and NELSON, J., concur.