570 P.2d 818

**UNITED METRO, a Division of the Tanner Companies, an Arizona Corporation, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Theodore Miller, Respondent Employee.**

**No. 1 CA–IC 1665.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 20, 1977.

John S. Schaper, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Machmer, Schlosser & Meitz, Ltd., Ronald M. Meitz, Phoenix, for respondent employee.

## OPINION

OGG, Presiding Judge.

In this case the sole issue presented for review narrows to a determination of the correctness of an average monthly wage order entered by the hearing officer.

The respondent employee Theodore R. Miller suffered a compensable industrial injury while employed by the petitioner United Metro. Based upon information supplied by United Metro, a self-insured employer, the Industrial Commission set the employee's average monthly wage at $906.12,

which reflected the employee's average earnings over a period of eight months between his last pay raise and the date of the accident.

The employee filed a request for hearing; after a formal hearing in which testimony and wage records were considered, the hearing officer found the employee's average monthly wage to be $1062.43, calculated over the last three months of his employment. An award was entered fixing compensation based upon the statutory maximum average monthly wage of $1000. ARS § 23–1041E. The employer has now instituted this special action, alleging that the hearing officer lacked authority to set aside the initial clerical wage determination set by the Industrial Commission in the absence of a showing of abuse of discretion by the Commission.

The employee contends that the hearing officer properly set the average monthly wage and that such a decision should not be set aside by this court unless we find an abuse of discretion. To properly focus on this issue a brief review of the applicable statutes relative to the fixing of an average monthly wage is necessary.

ARS § 23–1061F. . . . In all cases where compensation is payable, the carrier or self-insuring employer shall promptly determine the average monthly wage pursuant to § 23–1041. Within thirty days of the payment of the first installment of compensation, the carrier or self-insuring employer shall notify the employee and commission of the average monthly wage of the claimant as calculated, and the basis for such determination. The commission shall thereupon make its own independent determination of the average monthly wage pursuant to § 23–1041 . . .

§ 23–1041. Basis for computing compensation.

A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chap-

ter on the basis of such employee's average monthly wage at the time of injury.

\* \* \* \* \* \*

D. The term 'monthly wage' means the average wage paid during and over the month in which the employee is killed or injured.

E. Notwithstanding any other provision of this chapter, in computing the average monthly wage there shall be excluded from such computation of amounts of wages or other compensation for services in excess of one thousand dollars per month.

Any interested party dissatisfied with the average monthly wage as initially set by the Commission may request a hearing under pertinent statutory authority, which provides:

§ 23–941. Hearing rights and procedure.

A. Subject to the provisions of § 23–947, any interested party may file a request for a hearing concerning a claim.

B. A request for a hearing shall be made in writing, signed by or on behalf of the interested party and including his address, stating that a hearing is desired, and filed with the commission.

C. The commission shall refer the request for the hearing to the hearing officer division for determination as expeditiously as possible . . .

At the conclusion of the hearing a decision is rendered pursuant to ARS § 23–942, which provides:

\* \* \* \* \* \*

A. Upon the conclusion of any hearing, or prior thereto with concurrence of the parties, the hearing officer shall promptly and not later than thirty days after the matter is submitted for decision determine the matter and make an award in accordance with his determination.

The exact mechanics of the initial average monthly wage determination as made by the Commission after the wage records and computations have been submitted by the self-insured employer have not been fully illuminated to this court. It appears that after wage records have been received

a determination is generally based upon the wage records submitted. Such a procedure has been expressly approved by this court.

In *Harris v. Industrial Commission*, 24 Ariz.App. 319, 538 P.2d 406 (1975), one of the issues presented to the court was whether the Commission had independently computed the average monthly wage as required by ARS § 23–1061F. The court, holding that the Commission had made such a determination, described accepted Commission action under this section:

> ARS § 23–1061F. Directs that after the carrier sends its average monthly wage figures to the Commission, 'the Commission shall thereupon make its own independent determination of the average monthly wage pursuant to § 23–1041.' This does not mandate that the Commission is not permitted to use the wage information furnished by the carrier nor does it mandate that in each instance the Commission must embark upon an extensive, independent factual investigation. The mandate of the statute can, in the Commission's judgment, be satisfied by the use of and the recomputation of the figures presented. 24 Ariz.App. at 321, 538 P.2d at 408.

It appears that generally the injured employee does not have any input at this stage of the proceedings. Thus, when the average monthly wage is thereafter determined by the Commission, any party may then ask for an evidentiary hearing before the Commission's hearing officer.

■ The hearing officer examines all wage records and testimony, thereafter rendering a decision setting the average monthly wage. This decision becomes the final decision of the Industrial Commission. Under the general principles of review as applied to all such final decisions, we will not substitute our judgment on factual issues unless we find an abuse of discretion by the hearing officer. Such an award will not be set aside if it is reasonably supported by the evidence. *Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972); *Valdon v. Industrial Commission*, 103 Ariz. 547, 447 P.2d 239 (1968). We find reasona-

ble evidence to support the award and no abuse of discretion.

■ The average monthly wage concept has caused some confusion in Industrial Commission decisions of this state. The present status of the law appears to be that while the employee's wage earned in the month prior to the injury is persuasive, it need not be inflexibly followed when the evidence shows monthly earnings do not represent the employee's true average monthly earnings at the time of the injury. *Floyd Hartshorn Plastering Co. v. Industrial Commission*, 16 Ariz.App. 498, 494 P.2d 398 (1972).

A claimant has the burden to establish his average monthly wage. *Morris v. Industrial Commission*, 81 Ariz. 68, 299 P.2d 652 (1956). In our opinion the claimant carried this burden of proof. The record shows that the employee was a truck driver in the construction industry and had an irregular monthly wage pattern. The evidence clearly indicates that he earned over $1000 a month during the three months immediately preceding the injury and we find no abuse of discretion when the hearing officer determined to use this three month period rather than the eight month period used in the initial determination.

■ The employer argues that the hearing officer abused her discretion because she must follow the initial average monthly wage determination set by the Commission unless it is clearly erroneous. We cannot accept this argument. The hearing officer must make the decision based upon all the evidence presented at the hearing. This is the only hearing in which all parties participate and present evidence. To bind the hearing officer to blindly follow the initial wage determination would severely limit any meaningful hearing under the provisions of ARS § 23–941.

The award is affirmed.

SCHROEDER and DONOFRIO, JJ., concurring.