IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

APR 28 2006

COURT OF APPEALS
DIVISION TWO

RITO PARRA,                              )
                                         )          2 CA-IC 2005-0005
            Petitioner Employee,         )          DEPARTMENT B
                                         )
        v.                               )          O P I N I O N
                                         )
THE INDUSTRIAL COMMISSION OF             )
ARIZONA,                                 )
                                         )
            Respondent,                  )
                                         )
PEDUS,                                   )
                                         )
            Respondent Employer,         )
                                         )
TRANSCONTINENTAL INSURANCE               )
COMPANY,                                 )
                                         )
            Respondent Insurer.          )
                                         )

SPECIAL ACTION - INDUSTRIAL COMMISSION

ICA Claim No. 20032-060166

Insurer No. 3J469343 B7

LuAnn Haley, Administrative Law Judge

AWARD SET ASIDE

Les Gilbertson                                                    Tucson
                                        Attorney for Petitioner Employee


The Industrial Commission of Arizona
  By Laura L. McGrory                                            Phoenix
                                             Attorney for Respondent


Jones, Skelton & Hochuli, P.L.C.
  By Gregory L. Folger and Lori L. Voepel                       Phoenix
                                         Attorneys for Respondents
                                               Employer and Insurer

E S P I N O S A, Judge.


¶1        Petitioner employee Rito Parra was working for respondent employer Pedus when he sustained a work-related injury in July 2003. At that time, he was receiving permanent partial disability benefits for a work-related injury he had sustained in 2000. The Industrial Commission reduced Parra's monthly temporary total disability benefits for the 2003 injury by more than the amount he was receiving for the 2000 injury. Parra requested a hearing, arguing the Commission had improperly applied A.R.S. § 23-1044 to apportion his benefits instead of calculating them under A.R.S. § 23-1045. The administrative law judge (ALJ) rejected Parra's claim, concluding that § 23-1044 had been properly applied. The ALJ affirmed the award on administrative review, and this statutory special action followed.

2

**Factual and Procedural Background**

¶2     The parties stipulated that Parra had been injured in July 2000 and was receiving $247 per month in permanent partial disability benefits as a result of that injury. They further stipulated Parra had been injured a second time in July 2003 and was entitled to temporary total disability benefits for that injury because he was unable to work.

¶3     The Industrial Commission calculated Parra's average monthly wage at the time of the second injury and then apportioned his benefits by subtracting an amount based on the partial disability payment from the monthly wage and applying the statutory percentage, determining the total at $377 per month. Parra requested a hearing, claiming the Commission had improperly calculated and deducted his permanent partial disability benefits from his average monthly wage. The ALJ expressly deferred to the Commission's calculations and relied on § 23-1044(E) in determining that the amount was correct.

**Apportionment of Disability Benefits**

¶4     Parra argues the Commission improperly calculated his temporary total disability benefits under § 23-1044 instead of § 23-1045. The respondent insurer Transcontinental counters that the ALJ's conclusions are based on a reasonable interpretation of the law and that § 23-1044 was properly applied. We review legal conclusions on apportionment *de novo*. *Special Fund Div. v. Ariz. Dep't. of Transp.*, 198 Ariz. 224, 8 P.3d 412 (App. 2000).

¶5 In *Hardware Mutual Casualty Company v. Industrial Commission*, 17 Ariz. App. 7, 9-10, 494 P.2d 1353, 1355-56 (1972), Division One of this court listed the three phases of a worker's injury as follows:

> (1) a period of temporary total physical incapacity during which time his injuries would prohibit him from working at all; (2) a period of temporary partial incapacity during which time his ability to work, through treatment and convalescence, has increased to a point where he may engage in some activity but he has not progressed to the stage that he no longer needs medical treatment; and (3) his condition has become medically stationary, that is, his condition cannot be medically improved to increase his activities and hence increase his earning capacity. Based upon this three stage physical development, an injured workman may be compensated correspondingly for (1) temporary total disability (A.R.S. § 23-1045, subsec. A); (2) temporary partial disability (A.R.S. § 23-1044, subsec. A); and (3) permanent total or partial disability (A.R.S. §§ 23-1044, subsecs. B, C; 23-1045, subsec. B).

The parties here stipulated that Parra was entitled to temporary total disability benefits for the second injury. Thus, his compensation for that injury is governed by A.R.S. § 23-1045(A). *See Hardware Mut*.

¶6 "When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, courts must accept that meaning and enforce it." *McPeak v. Indus. Comm'n*, 154 Ariz. 232, 234, 741 P.2d 699, 701 (App. 1987). Section 23-1044 governs the computation of partial disability benefits and takes into account the "wages which the injured person is able to earn [after the injury]." § 23-1044(A); *see also* § 23-1044(C). And this statute includes a specific provision for apportioning responsibility for successive industrial injuries between employers. § 23-1044(E).

4

¶7        Compensation for total disability is governed by § 23-1045, which provides that "sixty-six and two-thirds per cent of the average monthly wage shall be paid during the period of [temporary total] disability." This section contains neither an apportionment provision nor a provision for reducing total disability benefits by the amount of any prior award for partial disability. "[M]onthly wage" is defined as "the average wage paid during and over the month in which the employee is . . . injured." A.R.S. § 23-1041(F). Section 23-1041(A) states: "Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment . . . shall receive the compensation fixed in this chapter on the basis of such employee's average monthly wage at the time of injury." *See also Lowry v. Indus. Comm'n*, 195 Ariz. 398, 989 P.2d 152 (1999) (average monthly wage is based on all wages earned in thirty days prior to injury).

¶8        Transcontinental argues the ALJ's determination was proper to prevent Parra from recovering twice for the same loss of earning capacity, relying on *Madrid v. Industrial Commission*, 178 Ariz. 606, 875 P.2d 839 (App. 1994). But that case involved a claimant who simultaneously received total temporary disability benefits from two insurers, resulting in compensation equal to twice his lost earning capacity. Division One of this court held that the claimant could recover his total lost earning capacity, but no more, and that he "ha[d] no standing to question how, as between the carriers, that compensation is paid." *Id*. at 610, 875 P.2d at 843. Because the claimant would otherwise have continued receiving twice the compensation he was entitled to under the statute, the court approved the apportionment of his benefits. That situation does not exist here. Parra received total disability benefits

5

governed by § 23-1045 from only one insurer and partial disability benefits governed by § 23-1044 from another. No one has suggested that his monthly compensation is more than he is entitled to receive under each statute.

¶9        We find *Special Fund*, on which Parra relies, instructive. In that case, the court explained that the claimant's monthly wage after a successive injury was "already depressed as a result of the [prior] injury" and "only part of Claimant's 'entire disability.'" 198 Ariz. 224, ¶ 23, 8 P.3d 412, 417, *quoting* § 23-1044(E). Parra was already receiving partial disability benefits to compensate for his lost earning capacity attributable to the 2000 injury. After his second injury, the Commission reduced his 2003 total disability compensation by an amount greater than his partial disability benefits, effectively increasing the impact of the 2000 injury on Parra's earning capacity.[1] Because the Commission treated Parra's 2003 lost earning capacity as his total disability and attributed part of that loss to the 2000 injury, precisely the same error made in *Special Fund*, Parra has received a total disability award lower than that mandated by § 23-1045—66 2/3 percent of his average monthly wage at the time of the second injury.[2]

---

[1]The specific nature of these calculations is not apparent from the record. Transcontinental attempted to subpoena the Commission employee who had calculated the benefits, but the ALJ denied that request.

[2]We note that, even had apportionment been applicable to Parra's total disability award, the Commission miscalculated the benefit amount. Arizona law requires that a current monthly wage be "rolled back" to the date of the first injury, that is, adjusted to account for inflation since the date of the injury. *See Warren v. Indus. Comm'n*, 202 Ariz. 10, ¶ 21, 39 P.3d 534, 538 (App. 2002) (when calculating lost earning capacity, "post-injury earnings must be discounted for inflation since the date of injury"); *Reavis v. Indus. Comm'n*, 196 Ariz. 280, ¶ 11, 995 P.2d 716, 719-20 (App. 1999) (lost earning capacity award

6

**Failure to Conduct Independent Review**

¶10        Parra also contends the ALJ failed to conduct the independent review required by Arizona law and instead simply deferred to the Commission's calculations. Transcontinental argues the ALJ properly considered the calculations made by a Commission employee and that, although it is error to require an ALJ to defer to such calculations, it is not error for an ALJ to choose to do so.  Transcontinental cites *United Metro v. Industrial Commission*, 117 Ariz. 47, 49, 570 P.2d 818, 820 (App. 1977), to support its argument that it is only error "to bind the hearing officer to blindly follow the initial wage determination." In that case, Division One stated:  "The hearing officer must make the decision based upon all of the evidence presented at the hearing.  This is the only hearing in which all parties participate and present evidence." *Id.*  Failing to do so, the court said, "would severely limit any meaningful hearing under the provisions of A.R.S. § 23-941."  117 Ariz. at 49, 570 P.2d at 820.

¶11        We find Transcontinental's argument unavailing under *United Metro* and in light of *Bratz v. Industrial Commission*, 178 Ariz. 359, 873 P.2d 697 (App. 1994).  In *Bratz*,

---

calculated based on wages "rolled back" to date of injury); *Schneidewind v. Indus. Comm'n*, 120 Ariz. 363, 364, 586 P.2d 208, 209 (App. 1978) (hearing officer properly reduces average monthly wage "by an amount attributable to the general increase in wage levels").  The Commission rolled *forward* Parra's 2000 award for lost earning capacity into 2003 dollars. The effect of this error reduced Parra's total disability compensation for the 2003 injury by $266 when he was only receiving $247 per month for the 2000 injury.  But, for purposes of apportionment, Parra's 2003 average monthly wage should have been rolled *back* to its 2000 equivalent, so that the proportion of his lost earning capacity attributable to each injury would be determined "by the same 'yardstick.'" *Warren*, 202 Ariz. 10, ¶ 14, 39 P.3d at 536, *quoting Whyte v. Indus. Comm'n*, 71 Ariz. 338, 344, 227 P.2d 230, 233-34 (1951).

Division One relied on *United Metro* and held "[t]he ALJ must examine the wage records and testimony, and render a decision regarding the claimant's average monthly wage; this is the final decision of the Commission." 178 Ariz. at 360, 873 P.2d at 698. Here, it is apparent the ALJ merely accepted the Commission's calculations without conducting an independent analysis. Transcontinental has cited no authority that permits an ALJ to simply defer to determinations made by an employee of the Commission, and we have not found any. *See* A.R.S. §§ 23-901 through 23-1091; Ariz. Admin. Code R20-5-101 through R20-5-164. In fact, under A.R.S. § 23-1061(J), the ALJ was expressly required to " investigate and review" Parra's claim that he was not receiving the benefits to which he was entitled.

¶12        Moreover, an independent analysis by an ALJ is necessary because Arizona law is clear that the effect of filing a notice of hearing is to vacate the underlying award. *See Russell v. Indus. Comm'n*, 104 Ariz. 548, 553, 456 P.2d 918, 923 (1969) ("The practice of affirming findings set aside by the granting of a hearing or rehearing is a source of procedural confusion and should not continue. The Commission in such cases has nothing to affirm."), *overruled on other grounds by Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972); *see also Santiago v. Indus. Comm'n*, 193 Ariz. 369, ¶ 4, 972 P.2d 1005, 1006 (App. 1998) ("Claimant timely protested the Commission's award. This protest nullified the Commission's award."); *Bratz*, 178 Ariz. at 361, 873 P.2d at 699, ("'[o]nce [an initial award] is protested, it becomes a nullity and cannot, in and of itself, afford an evidentiary basis for future awards."), *quoting Le Duc v. Indus. Comm'n*, 116 Ariz. 95, 98, 567 P.2d 1224, 1227 (App. 1977); *Tucson Steel Div. v. Indus. Comm'n*, 154 Ariz. 550, 744 P.2d 462 (App. 1987)

8

(award of Commission final unless protested); *Kuchinski v. Indus. Comm'n*, 11 Ariz. App. 26, 28, 461 P.2d 505, 507 (1969) ("[W]hen there is a timely protest and petition for hearing or rehearing, the effect is to set aside the previous findings and award."). Thus, when Parra filed his notice of hearing objecting to the initial award, that award was effectively vacated.

**Disposition**

¶13 The ALJ incorrectly applied the apportionment provision of § 23-1044 to an award governed by § 23-1045, and its choice to simply defer to the Commission employee's calculations did not comply with § 23-1061(J), depriving Parra of "any meaningful hearing" on his claim. *United Metro*, 117 Ariz. at 49, 570 P.2d at 820. Accordingly, we set the award aside.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:

_____
PETER J. ECKERSTROM, Presiding Judge

_____
J. WILLIAM BRAMMER, JR., Judge

9