483 P.2d 63

Daniel S. BIRD, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Hancock Kelley Construction Co., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 561.

Court of Appeals of Arizona, Division 1, Department A.

April 1, 1971.

Rehearing Denied April 27, 1971.

Review Denied May 25, 1971.

Bernard I. Rabinovitz, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel by Harlan J. Crossman, Phoenix, for respondent Carrier State Compensation Fund.

CASE, Judge.

This review by certiorari involves an Industrial Commission award which denied petitioner's claim for compensation upon the basis that it was not timely filed. The facts necessary for a determination of the issue herein involved are:

In July of 1968 petitioner was employed by Hancock Kelley as a caterpillar operator. His duties required him to operate this tractor over rough and rocky terrain. After he had been working for some two weeks he began experiencing pains in his low back and in both legs. Because of these complaints petitioner consulted a Doctor Davidson in Kingman, Arizona, on July 15, 1968. Thereafter he saw various doctors as follows: Between July 15th and July 30th, 1968, he saw a Doctor

Standifer in Kingman; on July 30th, August 1st and August 18th of that same year he consulted Doctors Vinita and Forsyth, doctors of chiropractic in the Kingman area; on August 30th petitioner saw Doctor Arnold of Kingman; on September 9th and 14th he consulted Doctor Hugh Ilstrup in Phoenix; September 30th he was seen by Doctor Owen, doctor of chiropractic in Phoenix; October 3, 1968, he began seeing Doctor Deal, a chiropractor in Tucson, Arizona, who put a full body cast on him from October 3rd until December of 1968.

March 10, 1969, petitioner, while employed by M. M. Sundt Construction Company, slipped off a back-hoe machine injuring his back. On June 19, 1969, petitioner was seen by Doctor Jaime Vargas, a neurosurgeon in Tucson. Doctor Vargas was given a history of low back pains and progressive numbness of the feet. Doctor Vargas testified that petitioner's complaints relating to his back had continued since July 15, 1968, to the date of his examination. On October 14, 1969, petitioner filed an application for benefits for his first injury. The Commission found that his claim was not timely filed and that therefore it lacked jurisdiction.

WAS THE CLAIM FOR BENEFITS TIMELY FILED?

Section 23–1061, subsec. D, A.R.S.1956, provides:

"D. No application for compensation shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the right thereto accrued."

In the case of Mead v. American Smelting & Refining Company, 1 Ariz.App. 73, 76, 399 P.2d 694, 697 (1965), this Court discussed the meaning of this statute. We stated there:

"The time starts to run when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should have known that he had sustained a compensable injury. (citing cases)"

In the case of Hughes v. Industrial Commission of Arizona, 81 Ariz. 264, 266, 304 P.2d 1066, 1067 (1956), our Supreme Court cited with approval an earlier case, holding:

"We have also said that an employee should not be deprived of compensation when in the exercise of reasonable care he is unable to make a correct diagnosis of his injury. English v. Industrial Commission, 73 Ariz. 86, 237 P.2d 815."

We find nothing in the record which justifies the Commission in finding that the petitioner knew or in the exercise of reasonable diligence should have known, that he had sustained a compensable injury more than one year prior to the date of filing his claim with the Commission. In this connection we quote with approval from the Referee's report:

"By reason of the current nature of applicant's physical problem and the rather inadequate and incomplete diagnostic determination of exactly what applicant's physical problems are, even to the time of hearing, (with particular reference to the feet problem) it simply cannot reasonably be said that applicant's condition or its possible relationship to the industrial episode could have become manifest to him more than one year prior to the filing of claim."

The award is set aside.

STEVENS, P. J. and DONOFRIO, J., concur.