831 P.2d 847

**Guadalupe SAYLOR, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**University of Arizona, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. 2 CA–IC 91–0049.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 13, 1992.

As Corrected Feb. 21, 1992.

Review Denied July 7, 1992.

---

Anita R. Valainis, Chief Counsel, Indust. Com'n of Ariz., Phoenix, for respondent.

Peter C. Kilgard, Chief Counsel, State Compensation Fund by Robert A. Schuler, Tucson, for respondent employer and respondent carrier.

## OPINION

LIVERMORE, Chief Judge.

In this workers' compensation case, the employee challenges the finding of the administrative law judge (ALJ) that her claim for compensation was untimely and that the untimeliness was unexcused.

While employed as a custodian for the University of Arizona, Guadalupe Saylor was injured on July 18, 1989, when she slipped while stepping into a bathtub to clean a shower wall. She reported the accident to her supervisor and went home. On July 20, 1989, she went to the Urgent Care Center at Thomas–Davis Clinic complaining of right hip, knee, and foot pain. The physician there diagnosed a "[s]prain right hip area versus sciatica" and prescribed Motrin. She returned to work after three days, but experienced intermittent pain in her right leg and continued taking ibuprofen.

The pain became more constant after an incident on July 31, 1990, when Saylor felt a "strong" pain in her right leg as she stretched to clean a bathroom wall. She reported the incident to her supervisor but continued working. Some six weeks later, on September 18, 1990, she reported to the Student Health Center complaining of right leg pain. The doctor there continued her on ibuprofen and referred her for physical therapy. Soon thereafter she was taken off work and has not returned.

As regards the second, July 31, 1990 injury, a Worker's and Physician's Report of Injury was filed on Saylor's behalf by the physician who saw her at the Student

Health Center. That claim was denied and Saylor filed a Request for Hearing. Approximately two weeks after that claim was denied, Saylor filed a Worker's Report of Injury regarding the first, July 18, 1989 injury. As to that injury, neither the employer nor the physician filed a report of injury with the Industrial Commission and the insurance carrier as required by A.R.S. § 23-908.[1] That claim was denied on the basis of its having been filed more than one year after the injury. Saylor again requested a hearing and the claims were consolidated. At the initial hearing Saylor appeared and testified unrepresented by counsel. At the further hearing, at which Dr. J. Michael Hitt testified for the State Compensation Fund, she was represented by her current attorney. It was Dr. Hitt's opinion that Saylor had a herniated disc as a result of the first incident, but no injury at all due to the second incident. In his award affirming the denial of both claims, the ALJ stated:

7. The evidence establishes that the applicant's claim for an industrial injury sustained while employed by the above-named defendant employer on July 18, 1989 was filed more than one year from that date. The evidence further establishes that the injury was manifest or that the applicant knew or in the exercise of reasonable diligence should have known that she sustained a compensable injury on July 18, 1989. The evidence does not establish that the injury was thought to be slight or trivial. The evidence further does not establish the delay in filing was due to justifiable reliance on a material representation by the commission, employer or insurance carrier....

We believe this ruling to be in error.

■ A claim for workers' compensation must be filed by the employee within one year of the time "when the injury becomes manifest or when the claimant knows or in the exercise of reasonable diligence should know that he has sustained a compensable injury." A.R.S. § 23-1061(A). When an injury became manifest is a matter for the Industrial Commission to determine and we will set aside that determination only if it is not justified by the evidence. *Pacific Fruit Express v. Industrial Commission*, 153 Ariz. 210, 735 P.2d 820 (1987).

■ The time for filing pursuant to § 23-1061(A) begins to run when the injured employee, as a reasonable person, should recognize 1) the nature of the injury, 2) its seriousness, and 3) its causal relationship to the employment. *Id.* Thus, an employee is not expected to know the nature of an injury before it is reasonably ascertainable by the medical profession. *Employers Mutual Liability Ins. Co. of Wisconsin v. Industrial Commission*, 24 Ariz.App. 427, 539 P.2d 541 (1975). Nor should a claim be barred where the employee has no reason to know of the seriousness or the permanence of an injury. *M.M. Sundt Construction Co. v. Industrial Commission*, 124 Ariz. 94, 602 P.2d 475 (1979); *Bird v. Industrial Commission*, 14 Ariz.App. 322, 483 P.2d 63 (1971); 2B A. Larson, The Law of Workmen's Compensation § 78.41(e) (1988). Finally, for the clock to begin ticking, the injured employee must realize the compensable nature of the injury; i.e., its causal relationship to the employment. *Pacific Fruit Express,* supra.

■ Having reviewed the entire record, we find insufficient evidence from which the ALJ could have concluded that Saylor should reasonably have known of the nature and seriousness of her injury. With one exception,[2] Saylor complained consistently following the July 18, 1989 incident of pain in the right leg, hip, and foot. Surely she cannot be held responsible for failing personally to equate such symptoms with a

---

1. Prompted, we presume, by notice of Saylor's claim, the physician at Thomas–Davis did finally report the July 18, 1989 injury on November 30, 1990.

2. In response to a question by counsel for the carrier, Saylor testified to having pain in the

low back near the belt line when she visited the Urgent Care Center on July 20. The Physician's Report of Injury, however, contains no reference to complaints of low back pain on that date.

herniated disc. See *Bird v. Industrial Commission*, supra; *Mofford v. Industrial Commission*, 8 Ariz.App. 87, 443 P.2d 449 (1968). Nor was she given any reason to believe she had suffered a more serious injury by her physician who also failed to recognize the nature and seriousness of the injury. That she continued working for more than a year without consulting another physician and with ibuprofen as her only treatment can reasonably be viewed as evidence of only one thing: that she failed to realize both the nature and seriousness of her injury. Only after the pain became significantly worse following the second incident and she was no longer able to work did she have reason to believe she had suffered a more serious injury. At that point, she filed a claim. Having filed a claim within a year of the time when the nature and seriousness of her injury, as well as its compensability, became known to her, the claim was timely filed.

The award of June 5, 1991, is set aside.

FERNANDEZ, P.J., and HATHAWAY, J., concur.